# ORIGINAL

## General Civil Case Filing Information Form (Non-Domestic)

**Court**  
☐ Superior  
☑ State

**County** DOUGHERTY     **Date Filed** 4/1/16  
                                   MM-DD-YYYY

**Docket #** 16 SCV 58

### Plaintiff(s)

Burnam, Chandra individually and on behalf of the Estate  
Last     First     Middle I.   Suffix Prefix   Maiden

of, Audrenecia Bryant  
Last     First     Middle I.   Suffix Prefix   Maiden

Last     First     Middle I.   Suffix Prefix   Maiden

Last     First     Middle I.   Suffix Prefix   Maiden

**No. of Plaintiffs**    1

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

Shamp, Laura M.  
Last     First     Middle I.   Suffix

**Bar #** 637560

### Defendant(s)

Phoebe Putney Memorial Hospital, Inc.; Munro, Ian, M.D.  
Last     First     Middle I.   Suffix Prefix   Maiden

Phoebe Physician Group, Inc.; Brandon, Charisse, M.D.  
Last     First     Middle I.   Suffix Prefix   Maiden

Ohamadike, Ignatius, M.D.; Tyler, Charles, M.D. and  
Last     First     Middle I.   Suffix Prefix   Maiden

Albany Area Primary Care, Inc.  
Last     First     Middle I.   Suffix Prefix   Maiden

**No. of Defendants**    7

---

### Check Primary Type (Check only ONE)

☐ Contract/Account  
☐ Wills/Estate  
☐ Real Property  
☐ Dispossessory/Distress  
☐ Personal Property  
☐ Equity  
☐ Habeas Corpus  
☐ Appeals, Reviews  
☐ Post Judgement Garnishment, Attachment, or Other Relief  
☐ Non-Domestic Contempt  
☑ Tort (If tort, fill in right column)  
☐ Other General Civil (Specify) _____

### If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident  
☐ Premises Liability  
☑ Medical Malpractice  
☐ Other Professional Negligence  
☐ Product Liability  
☐ Other (Specify)_____

**Are Punitive Damages Pleaded?**  ☐ Yes  ☑ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

2

# ORIGINAL

## IN THE SUPERIOR STATE COURT OF  DOUGHERTY  COUNTY

### STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf of the Estate of,

AUDRENECIA BRYANT deceased,

CIVIL ACTION
NUMBER  16 SCV 88

**PLAINTIFF**

Vs.

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.

c/o Thomas Chambliss, Registered Agent

417 3rd Avenue, Albany, Georgia 31701

**DEFENDANT**

2016 APR -1  PM 1:50

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Laura M. Shamp, Esq.**
**Shamp Speed Jordan Woodard**
**1718 Peachtree Street, NW; STE 660**
**Atlanta, GA 30309**
**404.893.9400**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  1st  day of  April , 2016 .

Clerk of Superior Court State Court

By:  Susan P. Williams

**Deputy Clerk**

SC-1 Rev. 85

# ORIGINAL

## IN THE SUPERIOR (STATE) COURT OF __DOUGHERTY__ COUNTY

### STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf of the Estate of,

AUDRENECIA BRYANT deceased,

**CIVIL ACTION NUMBER** __16 SCV 88__

*2nd Original*

**PLAINTIFF**

Vs.

**Phoebe Physician Group, Inc.**

**c/o Marie Simmons, Registered Agent**

**1390 US Highway 19 South, Leesburg, Georgia 31763**

**DEFENDANT**

2016 APR -1 PM 1: 32

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:   Phoebe Physician Group, Inc.**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Laura M. Shamp, Esq.
Shamp Speed Jordan Woodard
1718 Peachtree Street, NW; STE 660
Atlanta, GA 30309
404.893.9400

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __1st__ day of __April__ , 2016 .

Clerk of Superior Court (State Court)

By: __Susan P. Williams__
**Deputy Clerk**

SC-1 Rev. 85

4

# ORIGINAL

## IN THE SUPERIOR/STATE COURT OF ___DOUGHERTY___ COUNTY

### STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf of the Estate of,

AUDRENECIA BRYANT deceased,

**CIVIL ACTION NUMBER** 16 SCV 88

*2nd original*

**PLAINTIFF**

Vs.

Ian James Munro, MD

201 Quail Valley Drive

Leesburg, Georgia 31763

**DEFENDANT**

2016 APR -1 PH 1:33

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Ian James Munro, MD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Laura M. Shamp, Esq.
Shamp Speed Jordan Woodard
1718 Peachtree Street, NW; STE 660
Atlanta, GA 30309
404.893.9400

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __1st__ day of __April__, __2016__.

Clerk of Superior Court/State Court

By: _Susan P. Williams_
**Deputy Clerk**

SC-1 Rev. 85

# ORIGINAL

## IN THE SUPERIOR STATE COURT OF __DOUGHERTY__ COUNTY

### STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf of the Estate of,

AUDRENECIA BRYANT deceased,

CIVIL ACTION
NUMBER ___16 SCV 88___

**PLAINTIFF**

Vs.

Ignatius Ohamadike, MD

331 Martindale Drive

Albany, Georgia 31721

**DEFENDANT**

2016 APR -1 PM 1:51

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: Ignatius Ohamadike, MD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Laura M. Shamp, Esq.
Shamp Speed Jordan Woodard
1718 Peachtree Street, NW; STE 660
Atlanta, GA 30309
404.893.9400

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _1st_ day of _April_, _2016_.

Clerk of Superior Court/State Court

By: _Susan P. Williams_

**Deputy Clerk**

SC-1 Rev. 85

# ORIGINAL

**IN THE SUPERIOR STATE COURT OF** DOUGHERTY **COUNTY**

## STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf of the Estate of,

AUDRENECIA BRYANT deceased,

CIVIL ACTION
NUMBER 16 SCV 88

2nd original

**PLAINTIFF**

Vs.

**Charles B. Tyler**

**121 Fowler Drive**

**Leesburg, Georgia 31763**

**DEFENDANT**

2016 APR -1 PM 1:33

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:     Charles B. Tyler, MD

        You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        Laura M. Shamp, Esq.
        Shamp Speed Jordan Woodard
        1718 Peachtree Street, NW; STE 660
        Atlanta, GA 30309
        404.893.9400

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 1st day of April , 2016 .

Clerk of Superior Court State Court

By: Susan P. Williams

**Deputy Clerk**

SC-1 Rev. 85

# ORIGINAL

**IN THE SUPERIOR/STATE COURT OF**  DOUGHERTY  **COUNTY**

## STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf of the Estate of,

AUDRENECIA BRYANT deceased,

**CIVIL ACTION NUMBER**  16 SCV 88

---

**PLAINTIFF**

Vs.

**Charisse A. Brandon, MD**

**2825 Creedmoor Court**

**Albany, Georgia 31721**

**DEFENDANT**

2016 APR -1  PM 1: 51

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   Charisse A. Brandon, MD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Laura M. Shamp, Esq.
Shamp Speed Jordan Woodard
1718 Peachtree Street, NW; STE 660
Atlanta, GA 30309
404.893.9400

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  1st  day of  April , 2016 .

Clerk of Superior Court/State Court

By: Susan P. Williams

**Deputy Clerk**

SC-1 Rev. 85

ORIGINAL

## IN THE SUPERIOR STATE COURT OF ___DOUGHERTY___ COUNTY

### STATE OF GEORGIA

___CHANDRA BURNAM, individually and on behalf of the Estate of,___

___AUDRENECIA BRYANT deceased,___

**CIVIL ACTION NUMBER** 16 SCV 88

_____
**PLAINTIFF**

Vs.

___Albany Area Primary Care, Inc.___

___c/o Shelley Spires, Registered Agent___

___204 N. Westover Blvd., Albany, Georgia 31707___
**DEFENDANT**

2016 APR -1 PM 1:51

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    Albany Area Primary Care, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Laura M. Shamp, Esq.
Shamp Speed Jordan Woodard
1718 Peachtree Street, NW; STE 660
Atlanta, GA 30309
404.893.9400

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __1st__ day of __April_____, 2016____.

Clerk of Superior Court/State Court

By: _Susan P. Williams_____
**Deputy Clerk**

SC-1 Rev. 85

ORIGINAL

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually and          :
on behalf of the Estate of, AUDRENECIA    :
BRYANT Deceased,                          :
                                          :
      Plaintiff,          :
                                          :
                                          :
      v.                  :
                                          :          CIVIL ACTION
PHOEBE PUTNEY MEMORIAL                     :          FILE NO.: 16 SCV 88
HOSPITAL, INC.; IAN JAMES MUNRO,          :
M.D.; PHOEBE PHYSICIAN GROUP,             :          **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.;          :
IGNATIUS N. OHAMADIKE, DO;                :
CHARLES B. TYLER, M.D.; and               :
ALBANY AREA PRIMARY CARE, INC,            :
                                          :
      Defendants.         :
                                          :
                                          :

## COMPLAINT

Plaintiff Chandra Burnam, individually and on behalf of the estate of her deceased daughter Audrenecia Bryant, files this Complaint for damages against Defendants and alleges as follows:

### Parties, Jurisdiction, and Venue

1.

Chandra Burnam is a citizen and resident of the State of Georgia and resides in Dougherty County. She brings this medical negligence action against defendants for negligence in the care and treatment her daughter, Audrenecia Bryant, received at Phoebe Putney Memorial Hospital in April of 2014. Ms. Burnam is the Administrator of the estate of her daughter, Audrenecia Bryant, who at the time of her death was not married and had no children.

2.

Defendant Phoebe Putney Memorial Hospital, Inc. ("PPMH" or "Phoebe Putney") is a Georgia corporation registered to do business with the Georgia Secretary of State in Dougherty County. PPMH may be served with process by serving its registered agent, Thomas Chambliss, 417 3rd Avenue, Albany, Georgia, 31701.

3.

Upon information and belief, defendant Ian James Munro is a doctor of osteopathic medicine licensed to practice medicine in the State of Georgia and is a citizen and resident of Lee County. Ian James Munro may be served with process at 201 Quail Valley Drive, Leesburg, Georgia 31763.

4.

Upon information and belief, defendant Charisse A. Brandon is a medical doctor licensed to practice medicine in the State of Georgia and is a citizen and resident of Dougherty County. Charisse A. Brandon may be served with process at 2825 Creedmoor Court, Albany, Georgia 31721.

5.

Upon information and belief, defendant Ignatius Ohamadike is a medical doctor licensed to practice medicine in the State of Georgia and is a citizen and resident of Lee County. Ignatius Ohamadike may be served with process at 331 Martindale Drive, Albany, Georgia 31721.

6.

Upon information and belief, defendant Charles B. Tyler is a medical doctor licensed to practice medicine in the State of Georgia and is a citizen and resident of Dougherty County. Charles B. Tyler may be served with process at 121 Fowler Drive, Leesburg, Georgia 31763.

7.

Defendant Albany Area Primary Care, Inc. is a Georgia corporation registered to do business with the Georgia Secretary of State in Dougherty County. Albany Area Primary Care, Inc. may be served with process by serving its registered agent, Shelley Spires, 204 N. Westover Blvd., Albany, Georgia 31707.

8.

Defendant Phoebe Physician Group, Inc. is a Georgia corporation registered to do business with the Georgia Secretary of State in Lee County. Phoebe Physician Group, Inc. may be served with process by serving its registered agent, Marie Simmons, 1390 US Highway 19 South, Leesburg, Georgia 31763.

9.

Venue is proper in this Court pursuant to Art. VI, § 2, ¶¶ 4 and 6 of the Georgia Constitution and O.C.G.A. § 14-2-510.

## FACTUAL ALLEGATIONS

10.

On the morning of April 1, 2014, at around 10:00 am, Audrenecia Bryant, presented to Phoebe Putney Memorial Hospital, North campus, with complaints of severe abdominal pain and a history of pancreatitis and diabetes mellitus.

11.

Ms. Bryant was seen by Dr. Ian Munro who ordered lab tests including a Lipase count – an indicator for acute pancreatitis – as well as a measure of her glucose level.

3

12.

At 10:49 am Ms. Bryant's Lipase was 1175 - the normal range is 73-393 – indicating that she was having an attack of acute pancreatitis. Her hemoglobin was 17.4 which represents significant hemoconcentration related to her pancreatitis. Her glucose was severely elevated at 376 at 10:49 am, and increased to 519 at 11:21 am. The normal glucose range is 73-115.

13.

The initial management of acute pancreatitis requires aggressive fluid resuscitation in order to avoid hemoconcentration which can lead to death.

14.

Appropriate management of severely elevated glucose in a patient with diabetes requires rapid administration of insulin.

15.

Nonetheless, Dr. Munro ordered only 125 ml per hour of IV fluid for Ms. Bryant, a fraction of what her condition required.

16.

Dr. Munro ordered no insulin and no treatment whatsoever for Ms. Bryant's elevated glucose.

17.

At approximately 3:30 pm Dr. Brandon and Dr. Ohamadike assumed care of Ms. Bryant, and Dr. Ohamadike became her attending physician.

18.

At 4:07 pm Dr. Brandon entered an order for a sliding scale insulin dose and kept the fluid resuscitation dose ordered by Dr. Munro, but changed the type of fluid from normal saline to ½ NS

and 20 meq KCL (saline mixed with potassium).

19.

It appears that neither Dr. Brandon nor Dr. Ohamadike saw or checked on Ms. Bryant after 3:50 pm. on April 1, 2014, nor did either order a recheck of any of her lab values to assess whether she was receiving adequate fluid resuscitation.

20.

At 6:47 pm Ms. Bryant's vital signs became markedly abnormal. Her heart rate rose to 132 beats per minute, her respirations to 28 breaths per minute and her blood pressure dropped from 130/69 to 106/58. Nonetheless, the Phoebe Putney nurses caring for Ms. Bryant did not notify a physician of these abnormal vital signs, which indicated a major change in status.

21.

Ms. Bryant's blood glucose at 6:50 pm was 385. Pursuant to Dr. Brandon's order for sliding scale insulin, Ms. Bryant should have received 14 units of insulin. She received no insulin.

22.

At 8:12 pm Ms. Bryant's vital signs were checked again. Her heart rate was 135, respiratory rate 22, and her blood pressure had dropped to 94/53. This major change in status was again not relayed to her physician.

23.

Ms. Bryant's blood glucose at 9:51 pm was 425. Pursuant to Dr. Brandon's order for sliding scale insulin, she should have received 16 units of insulin and the orders required that a physician be called. She received 8 units of insulin, and the doctor was not notified.

5

24.

In fact, the records indicate that Ms. Bryant was critically ill, was heading into metabolic acidosis and yet she was not seen or evaluated by a physician for over 10 hours, and no lab work was done on her from 11:24 am on April 1, until 2:37 am April 2.

25.

At approximately 1:40 am on April 2, Ms. Bryant became unresponsive; only then did her nurses finally call the on-call internist, Dr. Charles Tyler. They also called the rapid response team.

26.

Dr. Tyler ordered that Ms. Bryant be given Narcan for "suspected pain medicine overload." Narcan is given to reverse critical respiratory depression caused opiates. However, Ms. Bryant's respiratory rate was over 40, markedly elevated not depressed, at the time of Dr. Tyler's order.

27.

Dr. Tyler also re-ordered IV fluids for Ms. Bryant, but again, did not aggressively resuscitate her and added potassium to her fluids. When her labs were taken at 2:37 am on April 2, 2014, her potassium was at the critically high level of 6.8. Nonetheless, the order for potassium to be added to her saline infusion was never changed. Dr. Tyler also ordered that Ms. Bryant be transferred to the ICU.

28.

At approximately 3:42 am, Ms. Bryant coded while in the ICU. The Emergency Room physician, Dr. Todd Smith, responded to the code and attempted to intubate Ms. Bryant. However, the crash cart which was brought into the room by Phoebe Putney staff did not have the

6

right equipment for intubation using the glidescope.   Therefore, Dr. Smith was unable to intubate Ms. Bryant and was forced to perform an emergency cricothyrotomy.

29.

Over the next several hours Ms. Bryant continued to decline.   Because of her extreme fluid depletion and the failure of her physicians to resuscitate her with adequate hydration, she was not able to maintain adequate perfusion and became severely hypotensive.

30.

After several resuscitation attempts, Ms. Bryant was pronounced dead at 8:55 am on April 2, 2014.   She was 24 years old.

## COUNT ONE

### PHOEBE PUTNEY MEMORIAL HOSPITAL

31.

The allegations of paragraphs 1 through 30 are hereby incorporated by reference as if fully set forth herein.

32.

The nurses and staff at Phoebe Putney Memorial Hospital (PPMH) undertook to provide medical care and treatment to Audrenecia Bryant.

33.

The nurses and staff owed a duty to Audrenecia Bryant to exercise the degree of skill and care ordinarily employed by nurses and other medical personnel generally in the care of treatment of patients under similar conditions and like surrounding circumstances.

34.

The nurses caring for Ms. Bryant violated accepted nursing practices by, among other

7

things, failing to notify Ms. Bryant's physicians during the evening of April 1, 2014 when Ms. Bryant's vital signs became markedly abnormal.

35.

The nurses further violated the standard of care by not following physician orders with respect to the dosing of insulin and the communication of critical blood sugar results to a physician.

36.

The nurses and staff caring for Ms. Bryant at PPMH were at all relevant times employees of PPMH and were acting in their capacity as employees of PPMH when providing care to Ms. Bryant.

37.

PPMH's nurses' treatment of Ms. Bryant fell well below the degree of skill and care which is ordinarily employed by the nursing profession generally under similar conditions and like surrounding circumstances. The negligence of PPMH's nurses was a proximate cause of Bryant's pain and suffering and her death.   Thus, PPMH is liable to plaintiff, as the administrator of Ms. Bryant's estate, for Bryant's pain and suffering, medical expenses and funeral expenses.   PPMH is also liable to plaintiff for the full value of Bryant's life under the wrongful death statute.

**COUNT TWO**

NEGLIGENCE — PPMH

38.

The allegations of paragraphs 1 through 37 are hereby incorporated by reference as if fully set forth herein.

8

39.

PPMH owed a duty to Audrenecia Bryant, as one of its patients, to assure that she received the appropriate care and the care that her doctors had ordered for her.

40.

During the evening of April 1, 2014 PPMH nurses failed to follow doctors' orders. They failed to give the insulin doses as required by the doctor, and failed to notify a doctor when the orders required that a physician be notified.

41.

PPMH owed a duty to Audrenecia Bryant to assure that the appropriate equipment was available to her doctors in the event of an emergency.

42.

In the early morning hours of April 2, 2014 Ms. Bryant coded and her physician attempted to intubate her, a life-saving procedure. However, the proper equipment for intubation with the glidescope was not on the crash code cart at the hospital and thus the physician could not intubate, causing Ms. Bryant to go without oxygen for an extended period of time.

43.

PPMH, through its agents and employees, failed to assure that Ms. Bryant received the care that was ordered for her and failed to assure that the appropriate equipment was available in the event of emergency.

44.

These failures, acts and omissions, as outlined above, constitute negligence which proximately caused injury and Audrenecia Bryant's wrongful death, for which plaintiff is entitled to recover against PPMH.

9

## COUNT THREE

<u>MEDICAL NEGLIGENCE — DR. IAN JAMES MUNRO</u>

45.

The allegations of paragraphs 1 through 44 are hereby incorporated by reference as if fully set forth herein.

46.

Dr. Munro undertook to provide medical care and treatment to Audrenecia Bryant.

47.

Dr. Munro owed a duty to Audrenecia Bryant to exercise the degree of skill and care ordinarily employed by medical doctors generally in the care of treatment of patients under similar conditions and like surrounding circumstances.

48.

Dr. Munro violated accepted medical practices by, among other things, failing to order adequate fluid resuscitation for Audrenecia Bryant who was suffering from acute pancreatitis and by failing to address her elevated glucose level.

49.

Dr. Munro's treatment of Ms. Bryant fell well below the degree of skill and care which is ordinarily employed by the medical profession generally under similar conditions and like surrounding circumstances. Dr. Munro's action were negligent and or were grossly negligent. The negligence and or gross negligence of Dr. Munro was a proximate cause of Bryant's pain and suffering and her death. Thus, Dr. Munro is liable to plaintiff as the administrator of Ms. Bryant's estate for Bryant's pain and suffering, medical expenses and funeral expenses. Dr. Munro is also liable to plaintiff for the full value of Bryant's life under the wrongful death statute.

10

## COUNT FOUR

## RESPONDEAT SUPERIOR LIABILITY OF PHOEBE PHYSICIAN GROUP, INC.

50.

The allegations of paragraphs 1 through 49 are hereby incorporated by reference as if fully set forth herein.

51.

Upon information and belief, Dr. Munro was at all times relevant to this action an agent or employee of Phoebe Physician Group, Inc. and was acting in his capacity as an agent or employee of Phoebe Physician Group when he provided care and treatment to Ms. Bryant.

52.

Phoebe Physician Group is liable under a theory of respondeat superior for the negligent acts of its agent, Dr. Munro, as are set forth above.

## COUNT FIVE

## MEDICAL NEGLIGENCE — Dr. CHARISSE BRANDON

53.

The allegations of paragraphs 1 through 52 are hereby incorporated by reference as if fully set forth herein.

54.

Dr. Brandon undertook to provide medical care and treatment to Audrenecia Bryant.

55.

Dr. Brandon owed a duty to Audrenecia Bryant to exercise the degree of skill and care ordinarily employed by medical doctors generally in the care of treatment of patients under similar conditions and like surrounding circumstances.

11

56.

Dr. Brandon violated accepted medical practices by, among other things, failing to order adequate fluid resuscitation for Audrenecia Bryant.

57.

Dr. Brandon's treatment of Ms. Bryant fell well below the degree of skill and care which is ordinarily employed by the medical profession generally under similar conditions and like surrounding circumstances. The negligence of Dr. Brandon was a proximate cause of Bryant's pain and suffering and her death.   Thus, Dr. Brandon is liable to plaintiff, as the administrator of Ms. Bryant's estate, for Bryant's pain and suffering, medical expenses and funeral expenses.   Dr. Brandon is also liable to plaintiff for the full value of Bryant's life under the wrongful death statute.

## COUNT SIX

### MEDICAL NEGLIGENCE — Dr. IGNATIUS OHAMADIKE

58.

The allegations of paragraphs 1 through 57 are hereby incorporated by reference as if fully set forth herein.

59.

Dr. Ohamadike undertook to provide medical care and treatment to Audrenecia Bryant.

60.

Dr. Ohamadike owed a duty to Audrenecia Bryant to exercise the degree of skill and care ordinarily employed by medical doctors generally in the care of treatment of patients under similar conditions and like surrounding circumstances.

12

61.

Dr. Ohamadike violated accepted medical practices by, among other things, failing to order adequate fluid resuscitation for Audrenecia Bryant who was suffering from acute pancreatitis, and failing to follow her after he assumed her care by checking on her and ordering rechecks of her labs.

62.

Dr. Ohamadike's treatment of Ms. Bryant fell well below the degree of skill and care which is ordinarily employed by the medical profession generally under similar conditions and like surrounding circumstances. The negligence of Dr. Ohamadike was a proximate cause of Bryant's pain and suffering and her death.   Thus, Dr. Ohamadike is liable to plaintiff as the administrator of Ms. Bryant's estate for Bryant's pain and suffering, medical expenses and funeral expenses.   Dr. Ohamadike is also liable to plaintiff for the full value of Bryant's life under the wrongful death statute.

## **COUNT SEVEN**

### MEDICAL NEGLIGENCE — DR. CHARLES TYLER

63.

The allegations of paragraphs 1 through 62 are hereby incorporated by reference as if fully set forth herein.

64.

Dr. Tyler undertook to provide medical care and treatment to Audrenecia Bryant.

65.

Dr. Tyler owed a duty to Audrenecia Bryant to exercise the degree of skill and care ordinarily employed by medical doctors generally in the care of treatment of patients under similar

13

conditions and like surrounding circumstances.

66.

Dr. Tyler violated accepted medical practices by, among other things, ordering Narcan and failing to order adequate fluid resuscitation for Audrenecia Bryant, who was suffering from acute pancreatitis.

67.

Dr. Tyler's treatment of Ms. Bryant fell well below the degree of skill and care which is ordinarily employed by the medical profession generally under similar conditions and like surrounding circumstances. The negligence of Dr. Tyler was a proximate cause of Bryant's pain and suffering and her death. Thus, Dr. Tyler is liable to plaintiff as the administrator of Ms. Bryant's estate for Bryant's pain and suffering, medical expenses and funeral expenses. Dr. Tyler is also liable to plaintiff for the full value of Bryant's life under the wrongful death statute.

## COUNT EIGHT

### RESPONDEAT SUPERIOR LIABILITY OF ALBANY AREA PRIMARY HEALTHCARE, INC.

68.

The allegations of paragraphs 1 through 67 are hereby incorporated by reference as if fully set forth herein.

69.

Upon information and belief, Dr. Brandon, Dr. Ohamadike and Dr. Tyler were at all times relevant to this action agents and or employees of Albany Area Primary Healthcare, Inc. and were acting in their capacity as agents or employees of Albany Area Primary Healthcare, Inc. when they provided care and treatment to Ms. Bryant.

70.

14

Albany Area Primary Healthcare Inc. is liable under a theory of respondeat superior for the negligent acts of its agents Dr. Brandon, Dr. Ohamadike and Dr. Tyler as are set forth above.

## COUNT NINE

### WRONGFUL DEATH

71.

The allegations of paragraphs 1 through 70 are hereby incorporated by reference as if fully set forth herein.

72.

Due to their negligence, defendants are liable to plaintiff pursuant to O.C.G.A. § 51-4-2 for the wrongful death of her child, Audrenecia Bryant.

## COMPLIANCE WITH O.C.G.A. § 9-11-9.1

73.

An Affidavit from Dr. Dean Nickles in support of this complaint is attached hereto as Exhibit A.

WHEREFORE, Plaintiff on behalf of the estate of Audrenecia Bryant and as her survivor **DEMANDS A JURY TRIAL** and prays for judgment as follows:

1. That she recover special damages including but not limited to medical expenses and funeral expenses in an amount to be proven at trial;

2. That she recover for Audrenecia Bryant's pain and suffering and general damages in an amount to be proven at trial;

3. That she recover the full value of Audrenecia Bryant's life;

4. That all costs of this suit be taxed against Defendants;

5. For such other and further relief as the Court deems just and proper; and

6.     Demands judgment in excess of $10,000.

By: _____
    Laura M. Shamp
    State Bar No.: 637860
    Jennifer Auer Jordan
    Ga. State Bar No.: 027857

*Attorneys for Plaintiff*

**SHAMP SPEED JORDAN WOODWARD**
1718 Peachtree Street
Suite 660
Atlanta, Georgia   30309
(404) 893-9400
shamp@ssjwlaw.com
jordan@ssjwlaw.com

16

**EXHIBIT "A"**

# ORIGINAL



## AFFIDAVIT OF DR. DEAN NICKLES

I, Dr. Dean Nickles, being duly sworn upon oath, do hereby depose and state as follows:

1.

I am over 21 years of age, have no physical or mental disabilities, and am otherwise competent to make this affidavit.

2.

The affidavit is made upon the basis of my education, knowledge, training and experience as a medical doctor licensed to practice medicine and upon a review of the medical records regarding Audrenecia Bryant from Phoebe Putney Memorial Hospital for April 1-2, 2014.

3.

I am a medical doctor licensed to practice medicine in the state of California, and a copy of my curriculum vitae is attached hereto.  I am board certified in Internal Medicine, and I was licensed to and was practicing internal medicine in California in 2014 and for the five years prior to 2014.

4.

I am qualified to express the opinions contained herein, as in my practice I have regularly seen and treated patients with symptoms like Audrenecia Bryant who come to the hospital for treatment for symptoms of acute pancreatitis.  I am familiar with the standard of care for evaluating and treating patients with symptoms and conditions like Bryant presented with in April 2014.  In the past 7 years, and for many years before that,  I have regularly cared for and

1

treated patients with symptoms of acute pancreatitis.

5.

For the five years prior to 2014, I regularly supervised and collaborated with nurses in the monitoring of patients and the proper practice for notification of physicians for changes in status in an inpatient hospital setting. During the five years before this incident, I regularly supervised nurses as they monitored patients with symptoms and vital signs like Aundrenecia Bryant had during her admission in April 2014. As a result of that, I am familiar with the standard of care for nurses with respect to the proper communication with physicians regarding changes in status of patients under their care.

6.

All of the opinions expressed herein are expressed to a reasonable degree of medical probability and are based upon my education, training and experience and the records of Audrenecia Bryant.

7.

For purposes of this affidavit, I have assumed the following facts to be true based on the medical records I have reviewed:

a. On the morning of April 1, 2014, at around 10:00 am, Audrenecia Bryant, presented to Phoebe Putney Memorial Hospital, North campus, with complaints of severe abdominal pain and a history of pancreatitis and diabetes mellitus.

b. Bryant was seen by Dr. Ian Munro who ordered lab tests including a Lipase count and glucose level.

2

c.   At 10:49 am Bryant's Lipase was 1175 (normal range is 73-393) indicating that she was having an attack of acute pancreatitis. Her hemoglobin was 17.4 which represents significant hemoconcentration related to her pancreatitis. Her glucose was severely elevated at 376 at 10:49 am, and increased to 519 at 11:21 am. The normal glucose range is 73-115.

d.   Dr. Munro ordered 125 ml per hour of IV fluid for Bryant.

e.   Dr. Munro ordered no insulin for Bryant's elevated glucose.

f.   At approximately 3:30 pm Dr. Brandon and Dr. Ohamadike assumed care of Bryant and Dr. Ohamadike became her attending physician.

g.   At 4:07 pm Dr. Brandon entered an order for sliding scale insulin dose and kept the fluid resuscitation dose ordered by Dr. Munro, but changed the type of fluid from normal saline to ½ NS and 20 meq KCL (saline mixed with potassium).

h.   Neither Dr. Brandon nor Dr. Ohamadike saw or checked on Bryant after 3:50 pm. on April 1, nor did either order a recheck of any of her lab values to assess whether she was receiving adequate fluid resuscitation.

i.   At 6:47 pm Bryant's vital signs became markedly abnormal: Heart rate 132 beats per minute, Respirations 28 breaths per minute and her blood pressure dropped from 130/69 to 106/58.

j.   The nurses did not notify a physician of these abnormal vital signs indicating a major change in status.

k.   Bryant's blood glucose at 6:50 pm was 385. Pursuant to Dr. Brandon's order for

3

sliding scale insulin, she should have received 14 units of insulin. She received no insulin.

l. Bryant's vital signs at 8:12 pm: Heart rate 135, respiratory rate 22, blood pressure 94/53. This major change in status was again not relayed to her physician.

m. Bryant's blood glucose at 9:51 pm was 425. Pursuant to Dr. Brandon's order for sliding scale insulin, she should have received 16 units of insulin, and the orders required that a physician be called for a blood sugar over 400. She received 8 units of insulin, and the doctor was not notified.

n. The records indicate that Bryant was not seen or evaluated by a physician between 3:50 pm on April 1 and 2:00 am on April 2, and no lab work was done on her from 11:24 am on April 1, until 2:37 am April 2.

o. At approximately 1:40 am on April 2, Bryant became unresponsive and the on-call internist, Dr. Charles Tyler, and a rapid response team were called.

p. Dr. Tyler ordered that Bryant be given Narcan for "suspected pain medicine overload" and ordered her transferred to the ICU.

q. Dr. Tyler also re-ordered IV fluids and added potassium to her fluids. When her labs were taken at 2:37 am on April 2, 2014, her potassium was at the critically high level of 6.8. Nonetheless, the order for potassium to be added to her saline infusion was never changed.

r. At approximately 3:42 am, Bryant coded while in the ICU. The Emergency Room physician, Dr. Todd Smith, responded to the code and attempted to intubate

4

Bryant. However, the crash cart which was brought into the room did not have the right equipment for intubation using the glidescope. Therefore, Dr. Smith was unable to intubate Bryant and was forced to perform an emergency cricothyrotomy.

s.    Over the next several hours Bryant continued to decline. Because of her extreme fluid depletion, and the failure of her physicians to resuscitate her with adequate hydration, she was not able to maintain adequate perfusion and became severely hypotensive.

t.    After several resuscitation attempts, Bryant was pronounced dead at 8:55 am on April 2, 2014.

8.

The standard of care for the initial management of acute pancreatitis requires aggressive fluid resuscitation in order to avoid hemoconcentration which can lead to increased morbidity and mortality. The levels of fluid ordered by Drs Munro, Brandon and Tyler were a fraction of what was required to adequately hydrate Bryant.

9.

The standard of care further requires close monitoring of patients being treated with fluid resuscitation to assure that treatment is effective.

11.

Appropriate management of severely elevated glucose in a hospitalized patient with diabetes requires the administration of insulin.

5

12.

Narcan is given to reverse critical respiratory depression caused by opiates. Bryant's respiratory rate was over 40, markedly elevated not depressed, at the time of Dr. Tyler's Narcan order, indicating that Dr. Tyler either did not know his patient's vital signs before ordering a rescue drug or did not understand the critical nature of his patient's condition.

13.

Based upon the facts stated above, and my review of the records, it is my opinion that Dr. Munro, Dr. Brandon and Dr. Ohamadike violated accepted medical practices by, among other things:

1.    Not ordering appropriate fluid resuscitation for Bryant; and

2.    Not ordering and checking follow up lab studies for Bryant.

14.

Based upon the facts stated above, and my review of the records, it is my opinion that Dr. Tyler violated accepted medical practices by, among other things:

1.    Ordering Narcan for Bryant.

2.    Not ordering appropriate fluid rescusitation; and

3.    By not ordering that the potassium be eliminated from her IV fluids after her potassium level came back at 6.8.

15.

Based upon the facts stated above, and my review of the records, it is my opinion that the nurses caring for Bryant on the evening of April 1, 2014 violated accepted nursing practices by

6

failing to notify a physician when her vital signs were noted to be significantly abnormal at 6:47 pm and then again at 8:12 pm and failing to give her insulin as ordered.

16.

It is my opinion that the actions and omissions set forth above fell below and are a deviation from the standard of care ordinarily employed by the medical profession and nursing profession generally under similar conditions and like surrounding circumstances.

17.

It is my opinion to a reasonable degree of medical probability that the deviations from the standard of care detailed above caused Audrenecia Bryant harm.

Further affiant sayeth not.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Dean J. Nickles, M.D.

Sworn and Subscribed before me
this 30th day of March, 2016

Notary Public
My Commission Expires: 12-19-2019

TODD P. CONNORS
COMM. # 2134687
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
COMM. EXPIRES DEC. 19, 2019

7

**ORIGINAL**

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CHANDRA BURNAM, individually and :
on behalf of the Estate of, AUDRENECIA :
BRYANT deceased, :
                                   :

        Plaintiff, :

        v. :
                                     :        CIVIL ACTION
PHOEBE PUTNEY MEMORIAL :        FILE NO.: 16 SCV 88
HOSPITAL, INC.; IAN JAMES MUNRO, :
M.D.; PHOEBE PHYSICIAN GROUP, :        **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.; :
IGNATIUS N. OHAMADIKE, DO; :
CHARLES B. TYLER, M.D. and :
ALBANY AREA PRIMARY CARE, INC, :

        Defendants. :
                                     :

## PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

      COMES NOW the above-referenced Plaintiff, pursuant to O.C.G.A. 9-11-4 (c) and

shows this Court that expedited service on all Defendants is necessary and requests the

appointment of a special process server to serve all Defendants, as authorized under the law.

**The statue of limitations is set to expire on April 1, 2016.**

      WHEREFORE, Plaintiff moves this Court for an Order appointing Gerald Daniel and

agents of Ancillary Legal Corporation, who is not an interested party to the suit, is a citizen of

the United States and 18 years or over, to serve all Defendants with process, and to make a return

on that service pursuant to O.C.G.A. 9-11-4 (c).

Respectfully submitted this _30th_ day of _March 30,_ 2016.


LAURA M. SHAMP
Georgia Bar No. 637560
JENNIFER AUER JORDAN
Georgia Bar No. 027857

**SHAMP SPEED JORDAN WOODWARD**
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400
shamp@ssjwlaw.com
jordan@ssjwlaw.com

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually and : 
on behalf of the Estate of, AUDRENECIA :
BRYANT deceased, :
:
Plaintiff, :
:
v. :
:                                    CIVIL ACTION
:                                    FILE NO.: 16 SCV 88
PHOEBE PUTNEY MEMORIAL :
HOSPITAL, INC.; IAN JAMES MUNRO, :
M.D.; PHOEBE PHYSICIAN GROUP, :              **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.; :
IGNATIUS N. OHAMADIKE, DO; :
CHARLES B. TYLER, M.D. and :
ALBANY AREA PRIMARY CARE, INC, :
:
Defendants. :

## ORDER APPOINTING SPECIAL PROCESS OF SERVICE

Upon Motion of the Plaintiff, Chandra Burnam, for Appointment of Special Process

Server, and it appearing appropriate, just and equitable.

It is considered, Ordered and adjudged that Gerald Daniel, and  agents of Ancillary Legal

Corporation, is a citizen of the United States and 18 years or over, and is a party having no

interest in the above-styled case, is hereby appointed special agent for service of a Summons and

Complaint in this case upon the Defendants.

SO ORDERED, this day of _____, 2016.

_____
PRESIDING JUDGE
DOUGHERTY COUNTY STATE COURT

*Prepared by:*
*Attorney Name: Laura M. Shamp*
*Address:1718 Peachtree St, NW; Suite 660*
*Atlanta, Georgia 30309*

## AFFIDAVIT OF SERVICE

**State of Georgia**                 **County of Dougherty**                 **State Court**

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Phoebe Putney Memorial Hospital, Inc., 417 3rd Avenue, Albany, GA 31701.**

I, Gerald Daniel, being duly sworn, depose and say that on the **4th day of April, 2016** at **1:10 pm**, I:

served Phoebe Putney Memorial Hospital, Inc. by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Dawn Benson as Chief Counsel** for Phoebe Putney Memorial Hospital, Inc. at the address of: **417 3rd Avenue, Albany, GA 31701.**

**Additional Information pertaining to this Service:**
4/4/2016 1:10 pm Served on Dawn Benson, as Cheif Counsel for Phoebe Putney Memorial Hospital, Inc. at 417 3rd Avenue, Albany, GA 31701. white female/~56 yrs/~5'3'/110 lbs/bown hair/no glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day
of April, 2016 by the affiant who is personally known
to me.

_Lynda M. How_
NOTARY PUBLIC

_Expiration 7-31-2018_

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001260
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

## AFFIDAVIT OF NON-SERVICE

State of Georgia                    County of Dougherty                    State Court

Case Number  16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Phoebe Physician Group, Inc. c/o Marie Simmons, Registered Agent, 1390 US Highway 19 South, Leesburg, GA 31763**

I, Gerald Daniel, being duly sworn, depose and say that on the **4th day of April, 2016** at **9:45 am, I:**

**NON-SERVED the Summons and Complaint and Expert Affidavit** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
4/4/2016  9:45 am  Attempted service at Phoebe Physician Group, inc. 1390 US Highway 19 South, Leesburg, GA 31763. I spoke with Diane Eubanks, who was the office manager. She stated that she was not an authorized agent to accept. She stated that Marie Simmons would have to accept, and is out of town until 4/11/2016.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day
of April, 2016 by the affiant who is personally known
to me.

*y n dA  7 n. Hpv*
NOTARY PUBLIC

*Expiration  7-31-2018*

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001261
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Dougherty                    State Court

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Ignatius Ohamadike MD, 331 Martindale Drive, Albany, GA 31721.**

I, Gerald Daniel, being duly sworn, depose and say that on the **4th day of April, 2016** at **11:42 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Ignatius Ohamadike MD** at the address of: **331 Martindale Drive, Albany, GA 31721.**

**Additional Information pertaining to this Service:**
4/4/2016  11:42 am  Mr. Ohamedike MD is a black male/~55 yrs/~5'7'/~174 lbs/black hair/glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

**Gerald Daniel**
Process Server

Subscribed and Sworn to before me on the 7th day of April, 2016 by the affiant who is personally known to me.

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

NOTARY PUBLIC

Expiration: 7-31-2018

Our Job Serial Number: ANC-2016001264
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Dougherty**                    **State Court**

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Albany Area Primary Care, Inc., 204 N. Westover Road, Albany, GA 31707**.

I, Gerald Daniel, being duly sworn, depose and say that on the **1st day of April, 2016** at **2:35 pm, I:**

served Albany Area Primary Care, Inc. by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Joycelyn W. Yates** as **Chief Quality Officer, and Authorized Agent** for **Albany Area Primary Care, Inc.**, at the address of: **204 N. Westover Road, Albany, GA 31707,** .

**Additional Information pertaining to this Service:**
4/1/2016  2:35 pm  Served on Joycelyn W. Yates, as Chief Quality Officer for Albany Area Primary Care, Inc. at 204 N. Westover Road, Albany, GA 31707. black female/~38yrs/~5'8'/~175 lbs/black hair/ no  glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties.  I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day of April, 2016 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Expiration  7 - 31 - 2018

_____
**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001266
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc - Process Server's Toolbox V7.1b

## AFFIDAVIT OF SERVICE

State of Georgia        **County of Dougherty**        State Court

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Ian James Munro MD, 201 Quail Valley Drive, Leesburg, GA 31763**

I, Gerald Daniel, being duly sworn, depose and say that on the **4th day of April, 2016** at **10:20 am**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Ian James Munro MD** at the address of: **201 Quail Valley Drive, Leesburg, GA 31763**.

**Additional Information pertaining to this Service:**
4/4/2016  10:20 am  Dr. Munro s a Black male/~50 yrs/~6'0'/~288 lbs/black hair/ Glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true  I have no interest in the outcome of this action and am not related to any of the parties  I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day of April, 2016 by the affiant who is personally known to me.

_Ynda M. Hm_
NOTARY PUBLIC
_Expiration: 7-31-2018_

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001262
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

FILED
2016 APR -7 PH 2:08
EVONNE S. HULL
DOUGHERTY COUNTY
CLERK OF COURTS

**IN THE STATE COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

CHANDRA BURNAM, individually and    :
on behalf of the Estate of. AUDRENECIA   :
BRYANT Deceased.    :
    :
    :
    Plaintiff,    :
    :
    :
    v.    :    CIVIL ACTION
    :    FILE NO.: *165CV 88*
PHOEBE PUTNEY MEMORIAL    :
HOSPITAL, INC.; IAN JAMES MUNRO.    :    **JURY TRIAL DEMANDED**
M.D.; PHOEBE PHYSICIAN GROUP,    :
INC.; CHARISSE A. BRANDON, M.D.;    :
IGNATIUS N. OHAMADIKE, DO;    :
CHARLES B. TYLER, M.D.; and    :
ALBANY AREA PRIMARY CARE, INC,    :
    :
    Defendants.    :
    :

**NOTICE OF FILING ORIGINAL AFFIDAVITS OF SERVICE**

COMES NOW, Gerald Daniel- Process Server and hereby files the following original

Affidavits of Service in the above-styled action:

1.    *Phoebe Putney Memorial Hospital, Inc.*
2.    *Ian James Munro, M.D.*
3.    *Ignatius N. Ohamadike, DO*
4.    *Albany Area Primary Care, Inc.*

Respectfully submitted, this ___7___ day of April, 2016.

By:    *Gerald Daniel*
    Gerald Daniel
    Process Server

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy of the above and foregoing *Notice of Filing Affidavits of Service* through United States Mail with proper postage affixed thereto.

Laura M. Shamp
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street
Suite 660,
Atlanta, Georgia 30309
*Attorney for Plaintiff*

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701
*Attorney for Phoebe Physician Group, Inc.*

Ignatius Ohamadike, MD
331 Martindale Drive
Albany, GA 31721

Albany Area Primary Care, Inc.
c/o Shelley Spires, Registered Agent
204 N. Westover Blvd.
Albany, Georgia 31707

Charisse A. Brandon, MD
2825 Creedmoor Court
Albany, Georgia 31721

Ian James Munro, MD
201 Quail Valley Drive
Leesburg, Georgia 31763

Charles B. Tyler
121 Fowler Drive
Leesburg, Georgia 31763

Phoebe Putney Memorial Hospital, Inc.
c/o Thomas Chamblis, Registered Agent
417 3rd Avenue
Albany, Georgia 31701

2

**Exhibit A to Notice of Removal/Notice to Substitute**
**Chandra Burnam, Inc. and for Estate v United States 42**

This _7_ day of April, 2016.

By: _Gerald Daniel_

Gerald Daniel
Process Server

3

# AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Dougherty**                    **State Court**

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Charles B. Tyler, 121 Fowler Drive, Leesburg, GA 31763**.

I, Gerald Daniel, being duly sworn, depose and say that on the **11th day of April, 2016** at **8:50 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Charles B. Tyler** at the address of: **121 Fowler Drive, Leesburg, GA 31763**.

**Additional Information pertaining to this Service:**
4/11/2016  8:50 am  Served on Charles B. Tyler at 121 Fowler Drive, Leesburg, GA 31763. Mr. Tyler is a white male/~62yrs/~6'2'/~224 lbs/brown hair/ glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.  I have no interest in the outcome of this action and am not related to any of the parties.  I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 11th day of April, 2016 by the affiant who is personally known to me.

NOTARY PUBLIC   **My Commission Expires JANUARY 21, 2017**

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
74 Goldrush Circle Ne
Atlanta, GA 30328
(404) 459-8006

Our Job Serial Number: ANC-2016001265
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

Exhibit A to Notice of Removal/Notice to Substitute
Chandra Burnam, Inc. and for Estate v United States 44

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Dougherty                    State Court

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**
vs.
Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For: Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 8th day of April, 2016 at 2:33 pm to be served on **Charisse A. Brandon MD, 11158 Dallas Place, Loma Linda, GA 92354**. I, _Scott_ _Moore_ , being duly sworn, depose and say that on the _8th_ day of _April_ , 20 _16_ at _6 : 45_ p.m., executed service by delivering a true copy of the **Summons and Complaint and Expert Affidavit** in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

_____

Age____ SEX M F Race_____| Height_____ Weight_____ Hair _____ Glasses Y N

COMMENTS: _____
_____
_____
_____

· 46

## AFFIDAVIT OF SERVICE For 16SCV88

I certify that I have no interest in the above action, am of legal age and have proper authority in the
jurisdiction in which this service was made.

_____  4/14/16

PROCESS SERVER # ___1535___
Appointed in accordance with State Statutes

Subscribed and Sworn to before me on the _____
day of _____, _____ by the affiant who
is personally known to me.

SEE ATTACHED JURAT
NOTARY PUBLIC

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: 2016001390
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _RIVERSIDE_

Subscribed and sworn to (or affirmed) before me on this _14TH_
day of _APRIL_, 20 16, by _____
_____ SCOTT MOORE _____,
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

CHRISTINE MARIE RAMIREZ
Commission # 2070648
Notary Public - California
Riverside County
My Comm. Expires Jun 7, 2018

(Seal)                    Signature _Christine A Ramirez_

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually and          :
on behalf of the Estate of, AUDRENECIA    :
BRYANT Deceased,                          :
                                          :
          Plaintiff,                      :
                                          :
               v.                         :
                                          :        CIVIL ACTION
PHOEBE PUTNEY MEMORIAL                     :        FILE NO.: 16 SCV 88
HOSPITAL, INC.; IAN JAMES MUNRO,          :
M.D.; PHOEBE PHYSICIAN GROUP,             :        **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.;          :
IGNATIUS N. OHAMADIKE, DO;                :
CHARLES B. TYLER, M.D.; and               :
ALBANY AREA PRIMARY CARE, INC,            :
                                          :
          Defendants.                     :
                                          :

### NOTICE OF FILING ORIGINAL AFFIDAVITS OF SERVICE

COMES NOW , and hereby files the following original Affidavits of Service in the

above-styled action:

### *1. Charisse A. Brandon, MD*

Respectfully submitted, this 20th day of April, 2016.

By:    *Gerald Daniel*
       Gerald Daniel
       Process Server

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy

of the above and foregoing *Notice of Filing Original Affidavits of Service* through United States

Mail with proper postage affixed thereto.

Laura M. Shamp
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street
Suite 660,
Atlanta, Georgia 30309
*Attorney for Plaintiff*

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701
*Attorney for Phoebe Physician Group, Inc.*

Ignatius Ohamadike, MD
331 Martindale Drive
Albany, GA 31721

Albany Area Primary Care, Inc.
c/o Shelley Spires, Registered Agent
204 N. Westover Blvd.
Albany, Georgia 31707

Charisse A. Brandon, MD
11158 Dallas Place
Loma Linda, CA 92354

Ian James Munro, MD
201 Quail Valley Drive
Leesburg, Georgia 31763

Charles B. Tyler
121 Fowler Drive
Leesburg, Georgia 31763

Phoebe Putney Memorial Hospital, Inc.
c/o Thomas Chamblis, Registered Agent
417 3rd Avenue
Albany, Georgia 31701

2

This _20th_ day of April, 2016.

By: _Gerald Daniel_

Gerald Daniel
Process Server

3

ORIGINAL

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually and :
on behalf of the Estate of, AUDRENECIA :
BRYANT Deceased, :
                        :
        Plaintiff, :
                        :
v. :
                        :               CIVIL ACTION
PHOEBE PUTNEY MEMORIAL :               FILE NO.: 16 SCV 88
HOSPITAL, INC.; IAN JAMES MUNRO, :
M.D.; PHOEBE PHYSICIAN GROUP, :              **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.; :
IGNATIUS N. OHAMADIKE, DO; :
CHARLES B. TYLER, M.D.; and :
ALBANY AREA PRIMARY CARE, INC, :
                        :
        Defendants. :

## STIPULATION FOR EXTENSION OF TIME FOR FILING AN ANSWER AND DEFENSIVE PLEADINGS GRANTED TO DEFENDANTS

COMES NOW Plaintiff by and through her attorney of record, and hereby agrees that

Defendants Albany Area Primary Care, Inc., Charisse A. Brandon, M.D., Ignatius Ohamadike,

D.O., and Charles B. Tyler, M.D. (hereinafter "Defendants") shall have an extension of time within

which to file answers and defensive pleadings (including, but not limited to answers, motions,

counterclaims, and other pleadings and defenses) to the Complaint.

Said Defendants shall have an extension of time within which to file their answers and

defenses, and any other pleadings responsive to the Complaint, and said extension shall expire on

June 30, 2016, and any answer and defensive pleadings filed by said Defendants on or before that

date shall be considered by the Plaintiff to be timely filed.

To the extent that an Order of this Court is necessary for such extension to be valid and

enforceable, the parties hereby request the Court to enter an Order carrying out the intent of this

Extension of Time and allow said Defendants additional time – that is, until June 30, 2016 – within which to file their answers and defensive pleadings, including, but not limited to answers, motions, counterclaims, and other pleadings and defenses in the above-styled Civil Action, all pursuant §

9-11-6.

This _____ day of April, 2016.

Attorney for the Plaintiff

Laura Shamp, State Bar No.:637560
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
404-893-9400 Phone
404-260-4180 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy

of the above and foregoing through United States Mail with proper postage affixed thereto.

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701
*Attorney for Defendants Albany Area Primary Care, Inc.,*
*Charisse A. Brandon, M.D., Ignatius Ohamadike, D.O., and Charles B. Tyler, M.D.*

Dawn G. Benson
P.O. Box 3770
Albany, GA 31706
*Senior Vice President/General Counsel for*
*Phoebe Putney Health Systems, Inc.*

This 28 day of April, 2016.

Laura Shamp, State Bar No.:637560
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
404-893-9400 Phone
404-260-4180 Fax

00184840

**IN THE STATE COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

CHANDRA BURNAM, individually and on behalf :
of the Estate of, AUDRENECIA BRYANT :
Deceased, :
  :
     Plaintiff, :
  :
vs. :   CIVIL ACTION NO.: 16SCV88
  :
PHOEBE PUTNEY MEMORIAL HOSPITAL, :
INC.; IAN JAMES MUNRO, M.D.; PHOEBE :
PHYSICIAN GROUP, INC.; CHARISSE A. :
BRANDON, M.D.; IGNATIUS N. OHAMADIKE, :
DO; CHARLES B. TYLER, M.D.; and ALBANY :
AREA PRIMARY CARE, INC, :
  :
     Defendants. :

**ANSWER AND DEFENSIVE PLEADINGS OF DEFENDANTS**
**PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., IAN JAMES MUNRO, M.D.,**
**AND PHOEBE PHYSICIAN GROUP, INC.**

COME NOW Defendants Phoebe Putney Memorial Hospital, Inc., Ian James Munro,

M.D.; and Phoebe Physician Group, (hereinafter collectively referred to as "these Defendants")

and file this, their Answer and Defensive Pleadings to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can

be granted.

**SECOND DEFENSE**

The Plaintiff's Complaint may not be filed in compliance with O.C.G.A. § 9-11-

9.1. These Defendants hereby move for the dismissal of the Complaint on the basis of Plaintiff's

failure to comply with O.C.G.A. § 9-11-9.1. expressly reserves the right to file a separate and

amended Motion to Dismiss on these grounds.

## THIRD DEFENSE

The Plaintiff's Complaint may not have been filed in compliance with O.C.G.A. § 24-7-702 in conjunction with O.C.G.A. § 9-11-9.1. These Defendants hereby move for the dismissal of the Complaint on the basis of Plaintiff's failure to comply with O.C.G.A. § 24-7-702. These Defendants expressly reserve the right to file a separate and amended Motion to Dismiss on these grounds.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, these Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of Audrenecia Bryantto exercise ordinary care for her own safety, failure of Audrenecia Bryant to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statue of frauds, statute of limitations and waiver.

## FIFTH DEFENSE

To the extent shown through discovery, these Defendants raise all those affirmative defenses set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b), and none of defenses are waived.

## SIXTH DEFENSE

These Defendants show that no action or omission on their part, nor any action or omission which is legally attributable to them, proximately caused or contributed to any injury or damages sustained by Plaintiff and, therefore, Plaintiff is not entitled to recover any sum from these Defendant.

### SEVENTH DEFENSE

These Defendants show that at all times referenced in Plaintiff's Complaint those whose acts or omissions are legal attributable to them exercised that degree of care, skill and diligence customarily brought to the practice of medicine by members of the profession generally, under the same or similar circumstances, and as required by the laws of the State of Georgia, and therefore Plaintiff is not entitled to recover any sum from these Defendants.

### EIGHTH DEFENSE

Any injuries or damages sustained by Audrenecia Bryant were due to and caused by the negligence of someone other than these Defendants, and were not the result of any negligence on the part those whose acts on omissions are legal attributable to these Defendants, and therefore Plaintiff is not entitled to recover any sum from these Defendants.

### NINTH DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations. Further venue is not proper in Dougherty County, Georgia as to Phoebe Physician Group, Inc or Ian James Munro, M.D.

### TENTH DEFENSE

At the time of filing this answer, these Defendants specifically show that they did not have access to all of Decedent Audrenecia Bryant's medical records, and did not have time to fully review and study all of Decedent Audrenecia Bryant's medical records. Accordingly, these Defendants files this Answer subject to their right to amend and supplement these Answers and Defensive Pleadings upon full and complete review of all medical records.

### ELEVENTH DEFENSE

Plaintiff's complaint should be dismissed for Plaintiff's lack of standing to raise the claims in the capacity identified by Plaintiff's allegations.

### TWELFTH DEFENSES

Plaintiff failed to perfect service on these Defendant PPMH and Dr. Munro.

### THIRTEENTH DEFENSE

Plaintiff failed to timely perfect service on Defendant PPMH and Dr. Munro.

### FOURTEENTH DEFENSE

These Defendants reserve the right to plead and prove such other defenses as may become known during the course of discovery and investigation.

### FIFTHTEENTH DEFENSE

### (RESPONSIVE PLEADINGS)

Subject to and without waiving the above and foregoing enumerated Defenses, these Defendants respond to the numbered allegations of the Plaintiff's Complaint as follows:

1.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

2.

These Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

These Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint as Dr. Munro currently resides in Ocala, Florida.

4.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

5.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

6.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

7.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

8.

These Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

These Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

11.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

12.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

13.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

14.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint, and can therefore

neither admit nor deny same.  At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

15.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

16.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

17.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

18.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint, and can therefore neither admit nor deny same.  At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

19.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

20.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

21.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

22.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

23.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint, and can therefore

neither admit nor deny same.  At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

24.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint, and can therefore neither admit nor deny same.  At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

25.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint, and can therefore neither admit nor deny same.  At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

26.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and can therefore neither admit nor deny same.  At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

27.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and can therefore neither admit nor deny same.  At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

28.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

29.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

30.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint, and can therefore neither admit nor deny same. At time of answering, these Defendants did not have access to all of Audrenecia Bryant's medical records.

31.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.

Responding to paragraph 32 of Plaintiff's Complaint, Defendant PPMH admits only that Audrenecia Bryant was a patient at said facility and that certain of Defendant PPMH's employees provided medical treatment to her. The remaining allegations are denied.

33.

Responding to paragraph 33 of Plaintiff's Complaint, these Defendants admit only that the employees of PPMH providing medical treatment to Audrenecia Bryant had a duty to comply with the standard of care required by Georgia law under the circumstances existing at the time when Audrenecia Bryant was a patient at said facility. The remaining allegations are denied.

34.

These Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

These Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

37.

These Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.

Responding to paragraph 39 of Plaintiff's Complaint, these Defendants admit only that the employees of PPMH providing medical treatment to Audrenecia Bryant had a duty to comply with the standard of care required by Georgia law under the circumstances existing at the time when Audrenecia Bryant was a patient at said facility. The remaining allegations re denied.

40.

These Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

Responding to paragraph 41 of Plaintiff's Complaint, these Defendants admit only that the employees of PPMH providing medical treatment to Audrenecia Bryant had a duty to comply with the standard of care required by Georgia Law under the circumstances existing at the time when Audrenecia Bryant was a patient at said facility. The remaining allegations re denied.

42.

These Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.

These Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.

These Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.

These Defendants admit that Dr. Munro provided medical treatment to Audrenecia Bryant for a certain period of time while she was in the emergency department.   The remaining allegations of paragraph 46 of Plaintiff's Complaint are denied.

47.

These Defendants admit Dr. Munro owed a duty to provide medical care and treatment in a manner consistent with the requisite standard of care required by Georgia law under the cirucumstances as they existed when she was a patient in the emergency department. The remaining allegations of paragraph 47 of Plaintiff's Complaint are denied.

48.

These Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint as pled.

49.

These Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.

These Defendants  deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.

These Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

55.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

56.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

57.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

58.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

60.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

61.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

62.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

63.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

65.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

66.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

67.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

68.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

70.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

71.

These Defendants hereby incorporates by reference his responses to Paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72.

These Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.

These Defendants admit that what purports to be a copy of the Affidavit of Dr. Dean Nickles is attached to their service copy of Plaintiffs Complaint as Exhibit "A". However, these Defendants deny that said Affidavit complies with Georgia law, and specifically O.C.G.A. § 9-11-9.1 and O.CG.A. § 24-7-702. These Defendants deny that they committed professional

negligence as alleged in said Affidavit and in Plaintiffs Complaint and further deny that any acts or omissions on the part of these Defendants caused any injury to Plaintiff.

**JURY DEMAND**

These Defendants demand a trial by jury of no less than 12 persons.

WHEREFORE, these Defendants, having fully responded to Plaintiff's Complaint for Damages hereby prays that they be dismissed with prejudice from this civil action and that all costs be paid by the Plaintiff.

This __3__ day of May, 2016.

WATSON SPENCE LLP
*Attorneys for Defendants Phoebe Putney*
*Memorial Hospital, Inc., Ian James Munro,*
*M.D., and Phoebe Physician Group, Inc.,*

Charles K. Wainright, II
State Bar No.: 730349
cwainright@watsonspence.com

P.O. Box 2008
Albany, GA 31702-2008
229-436-1545 (t)
229-436-6358 (f)

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing *Answer and Defensive Pleadings of Defendants Phoebe Putney Memorial Hospital, Inc., Ian James Munro, M.D., and Phoebe Physician Group, Inc.,* upon all counsel of record by depositing same into the United States Mail in an envelope with adequate postage affixed thereon and addressed as follows:

Ms. Laura Shamp
Laura M. Shamp, LLC
1718 Peachtree St., Suite 498
Atlanta, GA 30309

This __3__ day of May, 2016.

WATSON SPENCE LLP

Charles K. Wainright, IV

FILED

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA 2016 MAY -9 AM 9: 30

CHANDRA BURNAM, individually and
on behalf of the Estate of, AUDRENECIA
BRYANT Deceased,

      Plaintiff,

v.

PHOEBE PUTNEY MEMORIAL
HOSPITAL, INC.; IAN JAMES MUNRO,
M.D.; PHOEBE PHYSICIAN GROUP,
INC.; CHARISSE A. BRANDON, M.D.;
IGNATIUS N. OHAMADIKE, DO;
CHARLES B. TYLER, M.D.; and
ALBANY AREA PRIMARY CARE, INC,

      Defendants.

EVONNE S. HULL
DOUGHERTY COUNTY
CLERK OF COURTS

CIVIL ACTION
FILE NO.: 16 SCV 88

**JURY TRIAL DEMANDED**

## ACKNOWLEDGEMENT OF SERVICE

Defendant PHOEBE PHYSICIAN GROUP, INC., through its undersigned general counsel, hereby acknowledges receipt of a copy of the Complaint and Summons in the above-styled action as of the date indicated herein. Defendant PHOEBE PHYSICIAN GROUP, INC. hereby waives further notice of service of the Summons and Complaint, acknowledges service of process as of the date set forth herein, and requests the court to accept this document as proof of service thereof. By accepting and acknowledging service, Defendant PHOEBE PHYSICIAN GROUP, INC. does not waive any defenses it may have to the Complaint other than defenses related to service of process. Further, by accepting and acknowledging service, Defendant PHOEBE PHYSICIAN GROUP, INC. does not waive any challenge to whether venue is proper as to it in Dougherty County, Georgia.

This 19 day of April, 2016.



Dawn G. Benson
Senior Vice President/General Counsel
Phoebe Putney Health Systems, Inc.

00184021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy

of the above and foregoing through United States Mail with proper postage affixed thereto.

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701
*Attorney for Defendants Albany Area Primary Care, Inc.,*
*Charisse A. Brandon, M.D., Ignatius Ohamadike, D.O., and Charles B. Tyler, M.D.*

Dawn G. Benson
P.O. Box 3770
Albany, GA 31706
*Senior Vice President/General Counsel for*
*Phoebe Putney Health Systems, Inc.*

This 3rd day of May, 2016.

Laura Shamp, State Bar No.:637560
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
404-893-9400 Phone
404-260-4180 Fax

00184840

**Exhibit A to Notice of Removal/Notice to Substitute**
**Chandra Burnam, Inc. and for Estate v United States 74**

FILED

2016 MAY 10 PM 2: 23

EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

TO:           All Judges, Clerks of Court, and Counsel of Record

FROM:       Jennifer Auer Jordan

RE:           Notice of Leave of Absence

DATE:        May 6, 2016

## <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Jennifer Auer Jordan and respectfully notifies all Judges before whom she has cases pending, all affected Clerks of Court, and all opposing counsel, that she will be on leave pursuant to the Georgia Uniform, Superior and State Court Rule 16.

1.    The period of leaving during which time Applicant will be away from the practice of law are:

      a.   May 26, 2016- June 4, 2016 for Family Vacation;

      b.   June 15, 2016- June 18, 2016 for State Bar Meeting;

      c.   July 2, 2016- July 8, 2016 for Family Vacation;

      d.   July 25, 2016- July 29, 2016 for Family Vacation;

      e.   November 21, 2016- November 25, 2016 for Thanksgiving Holiday; and

      f.   December 26, 2016- December 30, 2016 for Christmas Holiday.

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully Submitted,

SHAMP SPEED JORDAN WOODWARD

JENNIFER AUER JORDAN
Georgia Bar No. 027857

1718 Peachtree Street, N.W.
Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
jordan@ssjwlaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing **NOTICE OF LEAVE OF ABSENCE** on all Judges, Clerks and Opposing Counsel listed on the attached **EXHIBIT "A"**, by depositing a true and correct copy in the United States Mail with sufficient first class postage affixed thereto.

This 6th day of May, 2016.

Respectfully Submitted,

**SHAMP SPEED JORDAN WOODWARD**

JENNIFER AUER JORDAN
Georgia Bar No.027857

1718 Peachtree Street, N.W.
Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
jordan@ssjwlaw.com

# EXHIBIT
## "A"

| CASE NAME AND NUMBER | COURT | JUDGE | OPPOSING COUNSEL |
|---|---|---|---|
| Marilyn Hernandez v. UHS of Anchor, L.P. d/b/a/ Anchor Hospital<br>Civil Action File No. 2016CV00488 | Clayton County State Court | Honorable Aaron B. Mason<br>9151 Tara Boulevard<br>Jonesboro, Georgia 30236 | Michael Hostetter, Esq.<br>Nail & Miller, LLP<br>235 Peachtree Street, N.E.<br>Suite 1500- North Tower<br>Atlanta, Georgia 30303 |
| Larry Clark and Kerri Clark v. David Schmidt, M.D., et al.<br>Civil Action File No. 14-C-01810-S1 | Gwinnett County State Court | Honorable Emily J. Brantley<br>75 Langley Drive<br>Lawrenceville, Georgia 30046 | Wayne D. McGrew, III., Esq.<br>Spencer Bomar, Esq.<br>Carlock Copeland & Stair, LLP<br>One Ninety One Tower<br>191 Peachtree Street, Suite 3600<br>Atlanta, Georgia 30303 |
| Deborah D. Hall v. Brett L. Sandifer, M.D., et al.<br>Civil Action File No. 15-1-6283-52 | Cobb County Superior Court | Honorable A. Greg Poole<br>70 Haynes Street<br>Marietta, Georgia 30090 | Curtis Anderson, Esq.<br>Downey & Cleveland<br>288 Washington Ave.<br>Marietta, Georgia 30060<br><br>Dana L. Jackel, Esq.<br>Christopher L. Phillips, Esq.<br>Jackel & Phillips, PC<br>707 Whitlock Ave., Suite H-8<br>Marietta, Georgia 30064<br><br>Anna Burdeshaw Fretwell, Esq.<br>Taylor Tribble, Esq.<br>Huff, Powell & Bailey, LLC<br>999 Peachtree Street, Suite 950<br>Atlanta, Georgia 30309 |

| | | |
|---|---|---|
| Tamara Faith Kashula v. Memorial Health University Medical Center, Inc. Civil Action File No. CV16-0416-6A | Chatham County Superior Court | Honorable Timothy R. Walmsley 133 Montgomery Street Savannah, Georgia 31401 |
| Pirosa Merritt v. Steven Adkins Civil Action File No. 16EV000076 | Fulton County State Court | Honorable Patsy Porter 185 Central Avenue Atlanta, Georgia 30303 | Joseph D. Perrotta, Esq. Dodson & Associates 1000 Windward Concourse Suite 210 Alpharetta, Georgia 30023

John Alexander Hannay, Esq. Sharon Ware & Associates 2400 Century Parkway, N.E. Suite 200 P.O. Box 29200 Atlanta, Georgia 30359 |
| Noor Business v. Ajani Investments, Inc, et al. Civil Action File No. 15A5564SE2 | DeKalb County State Court | Honorable Stacey Hydrick 556 N. McDonough Street Decatur, Georgia 30030 | Tracey Dewrell, Esq. Dewrell Sacks, LLP 2390 Tamiami Trail North, Suite 102 Naples, Florida 34103

Kasey Libby, Esq. Caldwell & Watson Two Ravina Drive Suite 1600 Atlanta, Georgia 30324 |

| | | | |
|---|---|---|---|
| Greg Rush v. Maciej Nowakowski, et al. Civil Action File No. 13CV4709-10 | DeKalb County Superior Court | Honorable Tangela M. Barrie 556 N. McDonough Street Decatur, Georgia 30030 | R. Furman Smith, Jr., Esq. Paul Pietschner, Esq. Law-in-Atlanta 1126 Pone de Leon Avenue, N.E. Atlanta, Georgia 30306 |
| Benita Phillips v. Archbold Medical Center, Inc. Civil Action File No. 15-CV-0723 | Thomas County Superior Court | Honorable Presiding Judge 225 North Broad Street Thomasville, Georgia 31792 | George R. Lilly, II, Esq. Alexander & Vann, LLP 411 Gordon Avenue Thomasville, Georgia 31792 |
| National Video Monitoring Co. v. Scott Warshaw, et al. Civil Action File No. 15-1-8852-51 | Cobb County Superior Court | Honorable Reuben Green 70 Haynes Street Marietta, Georgia 30090 | Douglas R. Kertscher, Esq. Hill, Kertscher & Wharton, LLP 3350 Riverwood Parkway, Suite 800 Atlanta, Georgia 30339<br><br>J. Wickliffe Cauthorn, Esq. Cauthorn Nohr & Owen 212 Church Street Marietta, Georgia 30060<br><br>L. Clint Crosby, Esq. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. Monarch Plaza 3414 Peachtree Road Suite 1600 Atlanta, Georgia 30326 |
| Preeti Shah v. Yogesh Nanji Shah Civil Action File No. 13CV10635-9 | DeKalb County Superior Court | Honorable Mark Anthony Scott 556 N. McDonough Street Decatur, Georgia 30030 | Sheri T. Lake, Esq. Smith & Lake, LLC One West Court Square, Suite 410 Decatur, Georgia 30030 |

| | | | |
|---|---|---|---|
| E.J., by and through her natural Mother, Cameron Tyer v. George Louis Gfroerer, Jr. Civil Action File No. 15EV001896 | Fulton County State Court | Honorable Jay Roth 185 Central Ave. Atlanta, Georgia 30303 | Darren Summerville, Esq. The Summerville Firm, LLC 400 Colony Square, Suite 2000 1201 Peachtree Street, N.E. Atlanta, Georgia 30361 |
| Sabrina White v. The Longstreet Clinic, P.C., Et al. Civil Action File No. 15-C-05154-6 | Gwinnett County State Court | Honorable John Doran 75 Langley Drive Lawrenceville, Georgia 30046 | Weymon Forrester, Esq. Forrester & Brim, LLP 459 E. E. Butler Parkway, S.E. P.O. Box 1688 Gainesville, Georgia 30503 Wayne D. McGrew, III., Esq. Carlock Copeland & Stair, LLP One Ninety One Tower 191 Peachtree Street, Suite 3600 Atlanta, Georgia 30303 |
| Roz Ware v. Traditions Health & Rehabilitation, Et al. Civil Action File No. 15A55384E3 | DeKalb County State Court | Honorable Wayne M. Purdom 556 N. McDonough St. Decatur, Georgia 30030 | Wayne D. McGrew, III., Esq. Spencer Bomar, Esq. Carlock Copeland & Stair, LLP One Ninety One Tower 191 Peachtree Street, Suite 3600 Atlanta, Georgia 30303 Barbara A. Marschalk, Esq. Drew Eckl & Farnham, LLP 880 W. Peachtree Street, N.W. P.O. Box 7600 Atlanta, Georgia 30357 Karen Smiley, Esq. Christopher Stastney, Esq. |

| | | | |
|---|---|---|---|
| Chandra Burnam v. Phoebe Putney Memorial Hospital, Et al. Civil Action File No. 16SCV88 | Dougherty County State Court | Honorable Victoria S. Darrisaw 222 Pine Avenue Albany, Georgia 31701 | Hanks Brookes, LLC Two Securities Centre 3500 Piedmont Road, N.E., Suite 320 Atlanta, Georgia 30350<br><br>Charles Wainwright, II, Esq. Watson Spence, LLP P.O. Box 2008 Albany, Georgia 31702 |
| William Cuff v. Phoebe Putney Memorial Hospital, Inc., et al. Civil Action File No. 16SCV09 | Dougherty County State Court | Honorable Victoria S. Darrisaw 222 Pine Avenue Albany, Georgia 31701 | Michael S. Meyer Von Bremen, Esq. Hall Booth Smith, P.C. P.O. Box 72066 Albany, Georgia 31708<br><br>Anna Burdeshaw Fretwell, Esq. Huff, Powell & Bailey, LLC 999 Peachtree Street, Suite 950 Atlanta, Georgia 30309 |

**IN THE STATE COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

*FILED*
*2016 MAY 23 AM 9: 41*
*EVONNE S. MULL*
*DOUGHERTY COUNTY*
*CLERK OF COURTS*

CHANDRA BURNAM, individually and   :
on behalf of the Estate of, AUDRENECIA   :
BRYANT Deceased,   :
    :
    Plaintiff,   :
    :
    v.   :
    :        CIVIL ACTION
    :        FILE NO.: 16 SCV 88
PHOEBE PUTNEY MEMORIAL   :
HOSPITAL, INC.; IAN JAMES MUNRO,   :
M.D.; PHOEBE PHYSICIAN GROUP,   :      **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.;   :
IGNATIUS N. OHAMADIKE, DO;   :
CHARLES B. TYLER, M.D.; and   :
ALBANY AREA PRIMARY CARE, INC,   :
    :
    Defendants.   :

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Please take notice that Plaintiffs' have this day served the following discovery on all defendants in this matter via US Regular Mail:

1. *PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEFENDANT IAN JAMES MUNRO, M.D;*
2. *PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEFENDANT PHOEBE PHYSICIAN GROUP, INC; and*
3. *PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEFENDANT PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.*

This ⟨⟩ day of May, 2016.

_____
LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

**SHAMP SPEED JORDAN WOODWARD**
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com

Exhibit A to Notice of Removal/Notice to Substitute
Chandra Burnam, Inc. and for Estate v United States 84

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy of the above and foregoing through United States Mail with proper postage affixed thereto.

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701

Dawn G. Benson
P.O. Box 3770
Albany, GA 31706
*Senior Vice President/General Counsel for*
*Phoebe Putney Health Systems, Inc.*

This 17th day of May, 2016.

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

**SHAMP SPEED JORDAN WOODWARD**
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com

3

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf :
of the Estate of, AUDRENECIA BRYANT      :
Deceased,                                :
                                         :
      Plaintiff,                          :
                                         :
vs.                                      :      CIVIL ACTION NO.: 16SCV88
                                         :
PHOEBE PUTNEY MEMORIAL HOSPITAL,         :
INC.; IAN JAMES MUNRO, M.D.; PHOEBE      :
PHYSICIAN GROUP, INC.; CHARISSE A.       :
BRANDON, M.D.; IGNATIUS N. OHAMADIKE,    :
DO; CHARLES B. TYLER, M.D.; and ALBANY   :
AREA PRIMARY CARE, INC,                  :
                                         :
      Defendants.                        :

### RULE 5.2 CERTIFICATE

Pursuant to Rule 5.2 of the Uniform Rules of Superior Court, this is to certify that the

undersigned has this date served copies of DEFENDANT PHOEBE PUTNEY MEMORIAL

HOSPITAL, INC.'S   FIRST CONTINUING INTERROGATORIES TO PLAINTIFF and

DEFENDANT PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.'S  FIRST REQUEST FOR

PRODUCTION OF DOCUMENTS TO PLAINTIFF upon counsels of record by depositing

same in the United States mail in an envelope with adequate postage thereon, addressed as

follows:

Ms. Laura Shamp
Laura M. Shamp, LLC
1718 Peachtree St., Suite 498
Atlanta, GA 30309

*(Signature on Next Page)*

This 24th day of May, 2016.

WATSON SPENCE LLP
*Attorneys for Defendants Phoebe Putney*
*Memorial Hospital, Inc.,*

*CKW*

Charles K. Wainright, II
State Bar No. 730349
P.O. Box 2008
Albany, GA 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
cwainright@watsonspence.com

Re:   *Chandra Burnam v. Phoebe Putney Memorial Hospital, Inc., et al.*
State Court of Dougherty County
Civil Action File No.: 16SCV88

# ORIGINAL

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually and : 
on behalf of the Estate of, AUDRENECIA :
BRYANT Deceased, :
       :
      Plaintiff, :
       :
v. :
       :
PHOEBE PUTNEY MEMORIAL :
HOSPITAL, INC.; IAN JAMES MUNRO, :
M.D.; PHOEBE PHYSICIAN GROUP, :
INC.; CHARISSE A. BRANDON, M.D.; :
IGNATIUS N. OHAMADIKE, DO; :
CHARLES B. TYLER, M.D.; and :
ALBANY AREA PRIMARY CARE, INC, :
       :
      Defendants. :

CIVIL ACTION
FILE NO.: 16 SCV 88

**JURY TRIAL DEMANDED**



### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Please take notice that the Plaintiff has this day served the following discovery on all Defendants in this matter via US Regular Mail: *PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF* and *PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT PHOEBE PUTNEY HOSPITAL INC.'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF*.

This 2\_th day of June, 2016

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

SHAMP SPEED JORDAN WOODWARD
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com

2

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the within and foregoing upon all counsel of record by depositing same into the United States Mail in an envelope with adequate postage affixed thereon and addressed as follows:

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701

This ＿27th＿ day of June, 2016.

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

SHAMP SPEED JORDAN WOODWARD
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf :
of the Estate of, AUDRENECIA BRYANT,        :
                                            :
        Plaintiff,                          :
                                            :
v.                                          :   CIVIL ACTION NO.: 16 SCV 88
                                            :
PHOEBE PUTNEY MEMORIAL HOSPITAL,            :
INC., IAN JAMES MUNRO, M.D.,                :
PHOEBE PHYSICIAN GROUP, INC.,               :
CHARISSE A. BRANDSON, M.D.,                 :
IGNATIUS N. OHAMADIKE, D.O.,                :
CHARLES B. TYLER, M.D., and                 :
ALBANY AREA PRIMARY CARE, INC.,             :
                                            :
        Defendants.                         :

## RULE 5.2 CERTIFICATE

Pursuant to Rule 5.2 of the Uniform Rules of Superior Court, this is to certify that the

undersigned has this date served copies of the foregoing served *Defendant Phoebe Putney*

*Memorial Hospital, Inc.'s Request for Production of Documents to a Non-Party to East Albany*

*Medical Center, East Albany Pediatric & Adolescent Center, South Albany Medical Center,* and

*Walmart Pharmacy* upon counsel of record by depositing same in the United States mail in an

envelope with adequate postage thereon, addressed as follows:

Laura Shamp
Jennifer Auer Jordan
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309

This 12th day of July, 2016.

WATSON SPENCE LLP
*Attorneys for Defendant Phoebe*
*Putney Memorial Hospital, Inc.*

Charles K. Wainright, II
State Bar No.: 730349
cwainright@watsonspence.com

P.O. Box 2008
Albany, GA 31702-2008
229-436-1545 (t)
229-436-6358 (f)

Re:   *Burnam vs. Phoebe Putney Memorial Hospital, Inc., et. al.*
       Superior Court of Dougherty County
       Civil Action Number: 16SCV88

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA



CHANDRA BURNAM, individually and on behalf
of the Estate of, AUDRENECIA BRYANT,

      Plaintiff,

v.

PHOEBE PUTNEY MEMORIAL HOSPITAL,
INC., IAN JAMES MUNRO, M.D.,
PHOEBE PHYSICIAN GROUP, INC.,
CHARISSE A. BRANDSON, M.D.,
IGNATIUS N. OHAMADIKE, D.O.,
CHARLES B. TYLER, M.D., and
ALBANY AREA PRIMARY CARE, INC.,

      Defendants.

CIVIL ACTION NO.: 16 SCV 88

## RULE 5.2 CERTIFICATE

Pursuant to Rule 5.2 of the Uniform Rules of Superior Court, this is to certify that the undersigned has this date served copies of the foregoing served *Defendant Phoebe Putney Memorial Hospital, Inc.'s Request for Production of Documents to a Non-Party to Albany Internal Medicine, Albany Medical Clinic, P.C., John B. Abell, M.D., Crisp Regional, Wanda J. Gobin, DO, Lung Diagnostics, LLC, and Phoebe Gastroenterology Associates* upon counsel of record by depositing same in the United States mail in an envelope with adequate postage thereon, addressed as follows:

Laura Shamp
Jennifer Auer Jordan
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309

This 23rd day of August, 2016.

WATSON SPENCE LLP
*Attorneys for Defendant Phoebe
Putney Memorial Hospital, Inc.*

Charles K. Wainright, II
State Bar No.: 730349
cwainright@watsonspence.com

P.O. Box 2008
Albany, GA 31702-2008
229-436-1545 (t)
229-436-6358 (f)

Re:   *Burnam vs. Phoebe Putney Memorial Hospital, Inc., et. al.*
      Superior Court of Dougherty County
      Civil Action Number: 16SCV88

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf :
of the Estate of, AUDRENECIA BRYANT,        :
                                             :
     Plaintiff,                             :
                                             :
v.                                           :   CIVIL ACTION NO.: 16 SCV 88
                                             :
PHOEBE PUTNEY MEMORIAL HOSPITAL,             :
INC., IAN JAMES MUNRO, M.D.,                 :
PHOEBE PHYSICIAN GROUP, INC.,                :
CHARISSE A. BRANDSON, M.D.,                  :
IGNATIUS N. OHAMADIKE, D.O.,                 :
CHARLES B. TYLER, M.D., and                  :
ALBANY AREA PRIMARY CARE, INC.,              :
                                             :
     Defendants.                            :

## AMENDED RULE 5.2 CERTIFICATE

Pursuant to Rule 5.2 of the Uniform Rules of Superior Court, this is to certify that the undersigned has this date served copies of the foregoing served *Defendant Phoebe Putney Memorial Hospital, Inc.'s Request for Production of Documents to a Non-Party dated August 23, 2016, to Albany Internal Medicine, Albany Medical Clinic, P.C., John B. Abell, M.D., Crisp Regional, Wanda J. Gobin, DO, Lung Diagnostics, LLC Phoebe Gastroenterology Associates and Albany Surgical PC* upon counsel of record by depositing same in the United States mail in an envelope with adequate postage thereon, addressed as follows:

Laura Shamp
Jennifer Auer Jordan
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309

This 24th day of August, 2016.

WATSON SPENCE LLP
*Attorneys for Defendant Phoebe*
*Putney Memorial Hospital, Inc.*

Charles K. Wainright II
State Bar No.: 730349
cwainright@watsonspence.com

P.O. Box 2008
Albany, GA 31702-2008
229-436-1545 (t)
229-436-6358 (f)

Re:    *Burnam vs. Phoebe Putney Memorial Hospital, Inc., et. al.*
       Superior Court of Dougherty County
       Civil Action Number: 16SCV88

# ORIGINAL

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

FILED
2016 SEP -1  AM 8:41
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

CHANDRA BURNAM, individually and          :
on behalf of the Estate of, AUDRENECIA    :
BRYANT Deceased,                          :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :
                                          :          CIVIL ACTION
PHOEBE PUTNEY MEMORIAL                     :          FILE NO.: 16 SCV 88
HOSPITAL, INC.; IAN JAMES MUNRO,          :
M.D.; PHOEBE PHYSICIAN GROUP,             :          **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.;          :
IGNATIUS N. OHAMADIKE, DO;                :
CHARLES B. TYLER, M.D.; and               :
ALBANY AREA PRIMARY CARE, INC,            :
                                          :
        Defendants.                       :

## MOTION AND BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS' DR. BRANDON, DR. OHAMADIKE, DR. TYLER, AND ALBANY AREA PRIMARY HEALTH CARE, INC.

COMES NOW Plaintiff Chandra Burnam, individually and on behalf of the Estate of

Audrenecia Bryant, deceased, and hereby moves this Court for entry of a Default Judgment in

her favor against Defendants Dr. Brandon, Dr. Ohamadike, Dr. Tyler, and Albany Area Primary

Care, Inc (collectively these "Defendants"). These Defendants have failed to timely file

defensive pleadings in response to Plaintiff's Complaint, despite having been personally served

with the Summons and Complaint.

These Defendants each were personally served with the Summons, Complaint, and the

affidavit of plaintiff's expert filed pursuant to O.C.G.A. § 9-11-9.1 between April 1 and April 11,

2016. [See generally Affidavits of Service attached hereto as Exhibit 1; USCR 15 Certification].

Proof of service was filed as to each of these Defendants between April 7 and April 20, 2016.

[See id.]. Plaintiff further filed a stipulation extending the time for Defendants to answer through

June 30, 2016. [See Stipulation attached hereto as Exhibit 2]. No defensive pleading has been filed by any of these Defendants.

Georgia law provides that, "if in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law." O.C.G.A. § 9-11-55. In support of this motion for default judgment, Plaintiff has provided the attached certificate pursuant to Uniform Superior Court Rule 15, evidence service upon these Defendants.

Accordingly, this Court should enter a default judgment against Defendants Tyler, Brandon, Ohamadike, and Albany Area Primary Care, Inc, and schedule a hearing to establish the amount of damages. See O.C.G.A. § 9-11-55. A proposed judgment is attached for the Court's convenience.

Respectfully submitted this 31 day of August, 2016

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

SHAMP SPEED JORDAN WOODWARD
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com
silk@ssjwlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the within and foregoing upon all counsel of record by depositing same into the United States Mail in an envelope with adequate postage affixed thereon and addressed as follows:

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701

This ___31___ day of August, 2016.

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

SHAMP SPEED JORDAN WOODWARD
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com
silk@ssjwlaw.com

## AFFIDAVIT OF SERVICE

State of Georgia           County of Dougherty         State Court

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**
vs.
Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For: Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 8th day of April, 2016 at 2:33 pm to be served on **Charisse A. Brandon MD, 11158 Dallas Place, Loma Linda, GA 92354.** I, _SCOTT____ Moore_____, being duly sworn, depose and say that on the _8TH_ day of _APRIL____, 20_16_ at _6_ :_45_ P.m., executed service by delivering a true copy of the **Summons and Complaint and Expert Affidavit** in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

_____

Age____ SEX M F Race_____ Height_____ Weight_____ Hair _____ Glasses Y N

COMMENTS: _____
_____
_____
_____



## AFFIDAVIT OF SERVICE For 16SCV88

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _____ day of _____, _____ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____ 4/14/16

PROCESS SERVER # _1535_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
74 Goldrush Circle Ne
Atlanta, GA 30328
(404) 459-8006

Our Job Serial Number: 2016001390
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____

Subscribed and sworn to (or affirmed) before me on this _____ day of _____, 20__, by _____
_____,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

CHRISTINE MARIE RAMIREZ
Commission # 2070649
Notary Public - California
Riverside County
My Comm. Expires Jun 7, 2018

(Seal)                    Signature _____

## AFFIDAVIT OF SERVICE

State of Georgia        **County of Dougherty**        **State Court**

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Charles B. Tyler, 121 Fowler Drive, Leesburg, GA 31763**.

I, Gerald Daniel, being duly sworn, depose and say that on the **11th day of April, 2016 at 8:50 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: Charles B. Tyler at the address of: **121 Fowler Drive, Leesburg, GA 31763**.

**Additional Information pertaining to this Service:**
4/11/2016 8:50 am  Served on Charles B. Tyler at 121 Fowler Drive, Leesburg, GA 31763. Mr. Tyler is a white male/~62yrs/~6'2'/~224 lbs/brown hair/ glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.  I have no interest in the outcome of this action and am not related to any of the parties.  I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 11th day
of April, 2016 by the affiant who is personally known
to me.

NOTARY PUBLIC    My Commission Expires
          JANUARY 21, 2017

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001265
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

# AFFIDAVIT OF SERVICE

State of Georgia                    **County of Dougherty**                    **State Court**

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Ignatius Ohamadike MD, 331 Martindale Drive, Albany, GA 31721**.

I, Gerald Daniel, being duly sworn, depose and say that on the **4th day of April, 2016** at **11:42 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Ignatius Ohamadike MD** at the address of: **331 Martindale Drive, Albany, GA 31721**.

**Additional Information pertaining to this Service:**
4/4/2016  11:42 am  Mr. Ohamedike MD is a black male/~55 yrs/~'5'7'/~174 lbs/black hair/glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day
of April, 2016 by the affiant who is personally known
to me.

NOTARY PUBLIC

*Expiration: 7-31-2018*

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001264
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

**Exhibit A to Notice of Removal/Notice to Substitute**
**Chandra Burnam, Inc. and for Estate v United States 104**

## AFFIDAVIT OF SERVICE

State of Georgia          County of Dougherty          State Court

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Albany Area Primary Care, Inc., 204 N. Westover Road, Albany, GA 31707.**

I, Gerald Daniel, being duly sworn, depose and say that on the **1st day of April, 2016** at **2:35 pm, I:**

served Albany Area Primary Care, Inc. by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Joycelyn W. Yates** as **Chief Quality Officer, and Authorized Agent** for **Albany Area Primary Care, Inc.**, at the address of: **204 N. Westover Road, Albany, GA 31707,** .

**Additional Information pertaining to this Service:**
4/1/2016  2:35 pm  Served on Joycelyn W. Yates, as Chief Quality Officer for Albany Area Primary Care, Inc. at 204 N. Westover Road, Albany, GA 31707. black female/~38yrs/~5'8'/~175 lbs/black hair/ no  glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.  I have no interest in the outcome of this action and am not related to any of the parties.  I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day of April, 2016 by the affiant who is personally known to me.

_Gerald Daniel_
**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

_Lynda M. Ha_
NOTARY PUBLIC

Expiration  7-31-2018

Our Job Serial Number: ANC-2016001266
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b



IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CHANDRA BURNAM, individually and :
on behalf of the Estate of, AUDRENECIA :
BRYANT Deceased, :
:
:
Plaintiff, :
:
:
v. :
:                        CIVIL ACTION
:                        FILE NO.: 16 SCV 88
PHOEBE PUTNEY MEMORIAL :
HOSPITAL, INC.; IAN JAMES MUNRO, :
M.D.; PHOEBE PHYSICIAN GROUP, :      **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.; :
IGNATIUS N. OHAMADIKE, DO; :
CHARLES B. TYLER, M.D.; and :
ALBANY AREA PRIMARY CARE, INC, :
:
Defendants. :

## STIPULATION FOR EXTENSION OF TIME FOR FILING AN ANSWER AND DEFENSIVE PLEADINGS GRANTED TO DEFENDANTS

COMES NOW Plaintiff by and through her attorney of record, and hereby agrees that

Defendants Albany Area Primary Care, Inc., Charisse A. Brandon, M.D., Ignatius Ohamadike,

D.O., and Charles B. Tyler, M.D. (hereinafter "Defendants") shall have an extension of time within

which to file answers and defensive pleadings (including, but not limited to answers, motions,

counterclaims, and other pleadings and defenses) to the Complaint.

Said Defendants shall have an extension of time within which to file their answers and

defenses, and any other pleadings responsive to the Complaint, and said extension shall expire on

June 30, 2016, and any answer and defensive pleadings filed by said Defendants on or before that

date shall be considered by the Plaintiff to be timely filed.

To the extent that an Order of this Court is necessary for such extension to be valid and

enforceable, the parties hereby request the Court to enter an Order carrying out the intent of this

00184840

**PLAINTIFF'S EXHIBIT**
**2**

Exhibit A to Notice of Removal/Notice to Substitute
Chandra Burnam, Inc. and for Estate v United States 106

Extension of Time and allow said Defendants additional time – that is, until June 30, 2016 – within

which to file their answers and defensive pleadings, including, but not limited to answers, motions,

counterclaims, and other pleadings and defenses in the above-styled Civil Action, all pursuant §

9-11-6.

This ___ day of April, 2016.

Attorney for the Plaintiff

Laura Shamp, State Bar No.:637560
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
404-893-9400 Phone
404-260-4180 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy of the above and foregoing through United States Mail with proper postage affixed thereto.

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701
*Attorney for Defendants Albany Area Primary Care, Inc.,*
*Charisse A. Brandon, M.D., Ignatius Ohamadike, D.O., and Charles B. Tyler, M.D.*

Dawn G. Benson
P.O. Box 3770
Albany, GA 31706
*Senior Vice President/General Counsel for*
*Phoebe Putney Health Systems, Inc.*

This 28 day of April, 2016.

Laura Shamp, State Bar No.:637560
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
404-893-9400 Phone
404-260-4180 Fax

110

## CERTIFICATE OF DEFAULT JUDGMENT PURSUANT TO UNIFORM SUPERIOR COURT RULE 15

This is to certify, pursuant to Uniform Superior Court Rule 15, that according to court documents filed in this case, Defendant Tyler was personally served with Summons, the Complaint, and the affidavit of Plaintiff's expert on March 30, 2016, and proof of service was filed with the court on April 12, 2016. Defendant Tyler has not filed a defensive pleading, as shown by court records.

Defendant Brandon was personally served with Summons, the Complaint, and the affidavit of Plaintiff's expert on April 8, 2016, and proof of service was filed with the court on April 20, 2016. Defendant Brandon has not filed a defensive pleading, as shown by court records.

Defendant Ohamadike was personally served with Summons, the Complaint, and the affidavit of Plaintiff's expert on April 4, 2016, and proof of service was filed with the court on April 7, 2016. Defendant Ohamadike has not filed a defensive pleading, as shown by court records.

Defendant Albany Area Primary Care was personally served with Summons, the Complaint, and the affidavit of Plaintiff's expert on April 1, 2016, and proof of service was filed with the court on April 7, 2016. Defendant Albany Area Primary Care has not filed a defensive pleading, as shown by court records.

This certificate is attached to the proposed default judgment.

LAURA M. SHAMP
Georgia Bar No.: 637560

SHAMP SPEED JORDAN WOODWARD

1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CHANDRA BURNAM, individually and        :
on behalf of the Estate of, AUDRENECIA   :
BRYANT Deceased,                         :
                                         :
        Plaintiff,                       :        CIVIL ACTION FILE
                                         :
v.                                       :        NO.:   16-SCV-88
                                         :
PHOEBE PUTNEY MEMORIAL                   :
HOSPITAL, INC.; IAN JAMES MUNRO,         :
M.D.; PHOEBE PHYSICIAN GROUP,            :
INC.; CHARISSE A. BRANDON, M.D.;         :
IGNATIUS N. OHAMADIKE, DO;               :
CHARLES B. TYLER, M.D.; and              :
ALBANY AREA PRIMARY CARE, INC.,          :
                                         :
        Defendants.                      :

---

## ORDER OF RECUSAL

This case is before the Court on the Court's own motion. Because of a conflict of

interest, the undersigned hereby voluntarily recuses herself from presiding over the

above-styled action. The Court finds that it should recuse itself in this action pursuant to

the Georgia Code of Judicial Conduct, Canon 2, § 2.11. Another Judge will be assigned

to preside over the above-referenced case in accordance with Georgia Uniform Superior

Court Rule 25.4.

SO ORDERED, this 9 day of September, 2016.

_Victoria S. Darrisaw_
Victoria S. Darrisaw, Judge
State Court of Dougherty County





### State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702-1827

Victoria S. Darrisaw, Judge

Telephone (229) 431-2152
Facsimile (229) 431-3282

September 9, 2016

*Also sent by facsimile to (229) 671-3441*

The Honorable John K. Edwards
Judge, Lowndes County State Court
Post Office Box 1661
Valdosta, Georgia  31603-1661

RE:      Conflict in civil case

Dear Judge Edwards:

I have a conflict in a civil case.  I have entered an Order recusing myself referencing rule 25.4. Therefore, I request your assistance as the District Three Chair for the Council of State Court Judges in appointing a State Court Judge to hear this case.  Thank you for your assistance in this matter.

Sincerely,

*Victoria S. Darrisaw*

Victoria S. Darrisaw
Judge, Dougherty State Court

VSD/rkm

enclosure

Cc:  Laura Shamp, by facsimile only to: (404) 260-4180
     Charles Wainwright, by facsimile only to; (229) 436-6358

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA



| CHANDRA BURNAM, individually and | : |
| on behalf of the Estate of, AUDRENECIA | : |
| BRYANT Deceased, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| | : |
| PHOEBE PUTNEY MEMORIAL | : |
| HOSPITAL, INC.; IAN JAMES MUNRO, | : |
| M.D.; PHOEBE PHYSICIAN GROUP, | : |
| INC.; CHARISSE A. BRANDON, M.D.; | : |
| IGNATIUS N. OHAMADIKE, DO; | : |
| CHARLES B. TYLER, M.D.; and | : |
| ALBANY AREA PRIMARY CARE, INC, | : |
| | : |
| Defendants. | : |

CIVIL ACTION
FILE NO.: 16 SCV 88

## OBJECTION TO REQUEST FOR THE PRODUCTION
## OF DOCUMENTS TO A NON-PARTY DR. WANDA GOBIN

Pursuant to O.C.G.A. § 9-11-34 plaintiff objects to the requests to produce served upon

the following persons and entities in their entirety:

1.  Dr. Wanda Gobin  (A copy of this requests is attached.)

This is a medical malpractice claim brought by the family of Ms. Audrencia Bryant

regarding her treatment at Phoebe Putney Hospital that resulted in her death.  The defendant has

requested medical records from Dr. Gobin who is a psychiatrist.  A patient psychiatric records are

privileged under Georgia law and may not be produced without court order.  See O.C.G.A. 24-5-

501.  The treatment at issue in this case was for pancreatitis and had nothing whatever to do with

any psychiatric issues.  Therefore these records should not be produced.

LAURA M. SHAMP
Georgia Bar No.: 637560

**SHAMP SPEED JORDAN WOODWARD**
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy of

the above and foregoing through United States Mail with proper postage affixed thereto.

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701

This ___ day of September, 2016.

LAURA M. SHAMP
Georgia Bar No.: 637560

**SHAMP SPEED JORDAN WOODWARD**
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com

1.   File Stamped Copy of Certificate of Immediate Review

2.   File Stamped Copy of August 26, 2016 Order Dismissing the Complaint for Declaratory Relief.

3.   Complaint filed in Spalding County

4.   Consent Motion for Qualified Protective Order

5.   Deborah and Clay Woerner's Objection to the Production of Their Son's Medical Records and the Production of the Settlement Agreement Entered into with    Emory Healthcare and Dr. Heiss.

6.   Clay and Deborah Woerner's Motion to Intervene

7.   Complaint for Declaratory Relief

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CHANDRA BURNAM, individually and on behalf :
of the Estate of, AUDRENECIA BRYANT,          :
                                                               :
          Plaintiff,                                      :
                                                               :
v.                                                           :   CIVIL ACTION NO.: 16 SCV 88
                                                               :
PHOEBE PUTNEY MEMORIAL HOSPITAL,    :
INC., IAN JAMES MUNRO, M.D.,                  :
PHOEBE PHYSICIAN GROUP, INC.,              :
CHARISSE A. BRANDSON, M.D.,                   :
IGNATIUS N. OHAMADIKE, D.O.,                  :
CHARLES B. TYLER, M.D., and                    :
ALBANY AREA PRIMARY CARE, INC.,         :
                                                               :
          Defendants.                                   :

### REQUEST FOR PRODUCTION OF DOCUMENTS TO A NON-PARTY

          TO:     Wanda J. Gobin, DO
                     1511 W. Third Ave., Suite 104
                     Albany, GA 31707

          Now Comes Defendant and serves upon you this request for production of documents pursuant to

Official Code of Georgia Annotated § 9-11-34(c).  If within twenty days of the date of this request no

objection has been filed with the court in which this action is pending, you are required to promptly

**produce your entire file pertaining to any and all records of Audrencia Bryant, Date of Birth**

**04/14/1989, Social Security Number XXX-XX-1901** as designated on Exhibit "A" attached hereto.  You

may comply with this request by furnishing to the law firm of Watson Spence LLP at Post Office Box

2008, Albany, Georgia 31702-2008, copies of the aforesaid documents, by **September 15, 2016,** and any

reasonable expenses incurred in complying with this request will be reimbursed by the undersigned.

This 23rd day of August, 2016.

WATSON SPENCE LLP
*Attorneys for Defendant Phoebe*
*Putney Memorial Hospital, Inc.*

Charles K. Wainright II
State Bar No.: 730349
P.O. Box 2008
Albany, GA 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
cwainright@watsonspence.com

Re:   *Burnam vs. Phoebe Putney Memorial Hospital, Inc., et. al.*
      Superior Court of Dougherty County
      Civil Action Number: 16SCV88

## EXHIBIT "A"

Please provide a copy of your entire file pertaining to any and all records of Audrencia Bryant, Date of Birth 04/14/1989, Social Security Number XXX-XX-1901 regardless whether the requested records were prepared while said patient was under your care or the care of others. This includes the following:

1. All questionnaires completed by or on behalf of said patient.

2. All correspondence, regardless of whether same is to or from other health care providers, therapists, insurance companies, employers, attorneys, or any other person or entity.

3. All doctor's notes.

4. All documents reflecting a referral.

5. All documents reflecting an appointment.

6. All reports of consultations.

7. All reports of x-rays, CT scans, myelograms, or MRI scans.

8. All nurses' notes.

9. All hospital admission summaries.

10. All operative reports.

11. All discharge summaries.

12. Any and all history and physical and/or psychological examination reports.

13. All EEG's.

14. All EKG's.

15. All pathology reports.

16. All laboratory reports.

17. All reports of emergency room visits.

18. All medical reports of any kind which were not herein above mentioned.

19. All disability reports or documents relating to the application for disability status.

20. All medical bills, regardless whether same have been paid or remain outstanding.

21. All miscellaneous documents in your file not herein above specifically mentioned.

*(Note: Records may also be produced electronically via disk or email.  Please do not fax records.)*

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing *Request for Production of Documents to a Non-Party to Wanda J. Gobin, DO* upon counsel of record for all parties by depositing same in the United States mail in an envelope with adequate postage thereon, addressed as follows:

Laura Shamp
Jennifer Auer Jordan
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309

This 23rd day of August, 2016.

WATSON SPENCE LLP
*Attorneys for Defendant Phoebe Putney Memorial Hospital, Inc.*

Charles K. Wainright, II
State Bar No.: 730349
Post Office Box 2008
Albany, GA 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
cwainright@watsonspence.com



# WATSON / SPENCE LLP
### ATTORNEYS AT LAW

August 23, 2016

Wanda J. Gobin, DO
ATTN: Medical Records Dept.
1511 W. Third Ave., Suite 104
Albany, GA 31707

       Re:    *Burnam s vs. Phoebe Putney Memorial Hospital, Inc., et. al.*
            State Court of Dougherty County
            Civil Action Number: 16SCV88

Dear Custodian of Records:

       This firm represents the Defendants in the above-referenced action. As a part of our defense efforts we enclose a Request for Production of Records which is served upon you pursuant to Section 9-11-34(c) of the Official Code of Georgia Annotated. No pruning or "editing" of the records in your possession is necessary or appropriate under the terms of the request.

       You will be considered in compliance with the enclosed Request for Production and Georgia law by simply furnishing to the undersigned legible copies of the requested records. I have also enclosed a Certificate of Authentication of Records which will need to be completed by your records custodian and returned with the requested records. Please note that there is a place on the certificate to indicate that your office does not have any records related to this patient if applicable. We are specifically requesting records that would reflect whether a referral was made and/or an appointment scheduled. **[NOTE: It is very important that this certificate be completed and returned with the requested records.]**

       We understand a charge for reproduction of records is customary and ask that you enclose your statement with the records. If you require prepayment or have any other questions, please call me or my paralegal Cheryl Stewart, at 229-436-1545.

                                     Sincerely yours,

                                     WATSON SPENCE LLP

                                     Charles K. Wainright II

CKW/cs
Enclosures
cc:    Laura Shamp / Jennifer Auer Jordan (w/enclosures)

320 Residence Avenue ▪ P. O. Box 2008 ▪ Albany, Georgia 31702-2008▪ 229.436.1545 ▪ Fax 229.436.6358
Email: ws@watsonspence.com ▪ Web: www.watsonspence.com

## CERTIFICATE OF AUTHENTICATION OF MEDICAL RECORDS

The undersigned, _____, certifies as follows:

I am the custodian of medical records and the person responsible for the keeping of medical records for **Wanda J. Gobin, DO.** The within and attached _____ pages of medical records 1) are true and accurate reproductions of the medical records of this facility concerning **Audrencia Bryant** 2) were made at or near the time of the described acts, events, conditions, opinions, or diagnoses described in said document(s), 3) were made by, or from information transmitted by, a person with personal knowledge and a business duty to report such information, 4) were kept in the course of a regularly conducted business activity, and 5) it was the regular practice of **Wanda J. Gobin, DO** to make such report(s), record(s), or data compilation(s). This Certificate is given pursuant to the Official Code of Georgia Annotated §§ 24-8-803(4) and (6) and 24-9-902(8) and (11) in lieu of a personal appearance of the person certifying hereto and in connection with the captioned case.

The undersigned further certifies that the above records with this attached Certificate were delivered to Watson Spence LLP, P.O. Box 2008, Albany, Georgia 31702-2008, who sought a copy of the records attached to the Certificate. The information contained in this Certificate is true to the best of my knowledge and recollection, and I understand that this Certificate is being given under penalty of perjury.

☐ There are no records related to **Audrencia Bryant**, including any records that would show a referral was made to this facility and/or that an appointment was made for her at this facility.

This the _____ day of _____, 20_____.

_____

**Medical Records Custodian for Wanda J. Gobin, DO**

Certified, sworn to and subscribed
before me this _____ day of
_____, 20_____.

_____
Notary Public
My commission expires: _____
    (Notary Seal)

**NOTE: IT IS VERY IMPORTANT THAT THIS CERTIFICATE BE COMPLETED AND RETURNED WITH THE REQUESTED MEDICAL RECORDS**

FILED

*[stamp text]*

2016 [...] 19 PM 3:21

EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

# IN THE STATE COURT OF DOUGHERTY COUNTY, GEORGIA

CHANDRA BURNAM, individually &ast;
and on behalf of the Estate of &ast;
AUNDRENECIA BRYANT, Deceased, &ast;
&ast;
   Plaintiff, &ast;
&ast;
vs. &ast;     Civil Action File No. 16 SCV88
&ast;
PHOEBE PUTNEY MEMORIAL &ast;
HOSPITAL, INC.; DR. IAN JAMES &ast;
MUNRO; PHOEBE PHYSICIAN &ast;
GROUP, INC.; DR. CHARISSE A. &ast;
BRANDON; DR. IGNATIUS N. &ast;
OHAMADIKE; DR. CHARLES B. &ast;
TYLER; and ALBANY AREA &ast;
PRIMARY HEALTH CARE, INC. &ast;
&ast;
   Defendant. &ast;

## MOTION TO DISMISS AND ALSO TO PRECLUDE JUDGMENT BY DEFAULT BY DR. CHARISSE A. BRANDON, DR. IGNATIUS N. OHAMADIKE, DR. CHARLES B. TYLER, AND ALBANY AREA PRIMARY HEALTH CARE, INC.

**COME NOW,** the above-named Defendants who are hereinafter referred to

as the Federal Defendants by and through the United States Attorney for the

Middle District of Georgia and move the Court under O.C.G.A. § 9-11-12(b)(1) for

an Order setting aside any purported default in the case by virtue of the fact that

the said Order of the Court should at the same time dismiss the Complaint of the

Plaintiff as against the Federal Defendants for lack of subject matter jurisdiction.

Federal Defendant Dr. Charisse A. Brandon makes a special and limited

appearance by and through Federal Defendant Albany Area Primary Health Care, Inc., because she was never properly served.

In support of the within Motion the Federal Defendants file contemporaneously herewith as Government Exhibit A hereto the September 14, 2016, Declaration of Meredith Torres, Senior Attorney in the General Law Division, Office of the General Counsel, United States Department of Health and Human Services.

In explanation of the within Motion the Federal Defendants refer the Court to the following Memorandum in Support of Motion to Dismiss.

**SO MOVED,** this 16th day of September, 2016.

G. F. PETERMAN, III
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA
ATTORNEY FOR MOVANTS

By: _____

Stewart R. Brown
Assistant United States Attorney
Georgia State Bar # 089650
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Ga. 31202-1702
Telephone: (478) 621-2690
Facsimile: (478) 621-2737
Email: Stewart.Brown@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| Chandra Burnam, Individually<br>and on Behalf of the Estate<br>of Audrenecia Bryant, Deceased,<br><br>        Plaintiff,<br><br>Phoebe Putney Memorial Hospital, Inc.,<br>Ian James Munro, M.D.,<br>Phoebe Physician Group, Inc.,<br>Charisse A. Brandon, M.D.,<br>Ignatius N. Ohamadike, D.O.,<br>Charles B. Tyler, M.D.,<br>and Albany Area Primary Care, Inc.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. *16 SCV 88*

## DECLARATION OF
## MEREDITH TORRES

1.    I am a Senior Attorney in the General Law Division, Office of the General Counsel,

Department of Health and Human Services (the "Department").    I am familiar with the official

records of administrative tort claims maintained by the Department as well as with the system by

which those records are maintained.

2.    The Department has a Claims Branch that maintains in a computerized database a

record of administrative tort claims filed with the Department, including those filed with respect

to federally supported health centers that have been deemed to be eligible for Federal Tort

Claims Act malpractice coverage.

3.    As a consequence, if a tort claim had been filed with the Department with respect to

Albany Area Primary Health Care, Inc., its approved delivery sites, or its employees or qualified

GOVERNMENT
EXHIBIT

PENGAD 800-631-6989

_A_

**Exhibit A to Notice of Removal/Notice to Substitute**
**Chandra Burnam, Inc. and for Estate v United States 127**

-2-

contractors, a record of that filing would be maintained in the Claims Branch's database.

4.    I caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim had been filed on April 4, 2016, by Laura M. Shamp, Esquire, authorized representative for Chandra Burnam, Individually and on Behalf of the Estate of Audrenecia Bryant, Deceased, relating to Albany Area Primary Health Care, Inc., Charisse A. Brandon, M.D., Ignatius N. Ohamadike, M.D., and Charles B. Tyler, M.D.    To date, no final disposition has been made and the plaintiff has not exhausted her administrative remedies pursuant to 28 U.S.C. § 2675.

5.    I have also reviewed official Agency records and determined that Albany Area Primary Health Care, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2013, and that its coverage has continued without interruption since that time.    The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Albany Area Primary Health Care, Inc., are attached to this declaration as Exhibit 1.

6.    Official agency records further indicate that Charisse A. Brandon, M.D., Ignatius N. Ohamadike, M.D., and Charles B. Tyler, M.D., were employees of Albany Area Primary Health Care, Inc., at all times relevant to the complaint in this case.

GOVERNMENT
EXHIBIT
A

-3-

I declare under penalty of perjury that the foregoing is true and correct.    28 U.S.C. §

1746.

Dated at Washington, D.C., this ___14___th day of ___September___, 2016.

___Meredith Torres___

MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

GOVERNMENT
EXHIBIT
1

## IN THE STATE COURT OF DOUGHERTY COUNTY, GEORGIA

FILED
2016 SEP 19 PM 3:22
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

| | | |
|---|---|---|
| CHANDRA BURNAM, individually and on behalf of the Estate of AUNDRENECIA BRYANT, Deceased, | * * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Action File No. 16 SCV88 |
| PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.; DR. IAN JAMES MUNRO; PHOEBE PHYSICIAN GROUP, INC.; DR. CHARISSE A. BRANDON; DR. IGNATIUS N. OHAMADIKE; DR. CHARLES B. TYLER; and ALBANY AREA PRIMARY HEALTH CARE, INC. | * * * * * * * * * | |
| Defendant. | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND TO PRECLUDE JUDGMENT BY DEFAULT BY DR. CHARISSE A. BRANDON, DR. IGNATIUS N. OHAMADIKE, DR. CHARLES B. TYLER, AND ALBANY AREA PRIMARY HEALTH CARE, INC.

### Statement of the Facts

In somewhat of a departure from the norm the Movants (Federal Defendants) begin by describing to the Court their legal status, on which the question presented turns.

Under § 330 of the Public Health Service Act, the federal government provides support for community health centers in medically underserved communities. Public Health Service Act, Ch. 373, Title III, § 330, as added by

1

Health Centers Consolidation Act of 1996, Pub. L. No. 104-299, 110 Stat. 3626,3626-44 (codified as amended at 42 U.S.C. § 254b). As part of this support, Congress extended to these entities coverage under the Federal Tort Claims Act (FTCA)[1] to protect against financial loss through liability in tort through enactment of the Federally Supported Health Centers Assistance Acts of 1992 and 1995, which allow the United States to "deem" health centers receiving federal funds under § 330 and their employees to be "employees" of the federal government and therefore covered for medical malpractice purposes by the FTCA. Federally Supported Health Centers Assistance Act of 1992, Pub.L. No. 102-501, 106 Stat. 3268, 3268-72 and Federally Supported Health Centers Assistance Act of 1995, Pub.L. No. 104-73, 109 Stat. 777, 777-83 (codified as amended at 42 U.S.C. § 233); see 42 U.S.C. § 233(g)-(n).

Plaintiff's Complaint seeks to impose tort liability upon the Federal Defendants for the death of Aundrenecia Bryant, for their alleged actions and inactions on April 1 and 2, 2014. Plaintiff's allegations are that the individual Federal Defendants were acting at those times in the course of and within the scope of their employment with Federal Defendant Albany Area Primary Health Care

---

[1] 28 U.S.C. §§ 1346(b) and 2671 et seq.

Center, Inc. (AAPHC).[2] For the sake of the within, the Federal Defendants agree to that proposition.

Government Exhibit A hereto, the declaration of Meredith Torres for the applicable agency, Department of Health and Human Services is to show that at the times pertinent to and for the purposes of the claims of the Plaintiff, the Federally Supported Health Centers Assistance Act and hence the FTCA applied to the Federal Defendants.

Argument and Citation of Authorities

A.

THE COURT LACKS SUBJECT MATTER JURISDICTION OF THE CLAIMS MADE AGAINST THE FEDERAL DEFENDANTS

Once it is established ("deemed") that the Federal Defendants were employees of the Public Health Service,[3] then the provision of 42 U.S.C. § 233(a) pertains to the Plaintiff's remedy. It provides,

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28[4], or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal

---

[2] The proper name of the Defendant named by Plaintiff as Albany Area Primary Care, Inc. Movants stipulate that the names may be used interchangeably to refer to the proper Federal Defendant the name of which is footnoted hereby.

[3] Certification by Department of Health and Human Services that hospital and its employees were deemed employees of Public Health Service at time of incident underlying wrongful death complaint was final as to whether employees were federal employees pursuant to Federally Supported Health Centers Assistance Act, for purposes of claim under Federal Tort Claims Act (FTCA). Faura Cirino v. U.S., 210 F.Supp.2d 46 (D. P.R. 2002).

[4] The applicable provisions of the FTCA.

3

injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, **shall be exclusive of any other civil action or proceeding by reason of the same subject-matter** against the officer or employee (or his estate) whose act or omission gave rise to the claim.

(Emphasis supplied.)  In simple terms, Plaintiff's only remedy for claims against the Federal Defendants is suit against the United States under the FTCA; suits against either AAPHC or its employees are not allowed.  Though hardly needed, additional clarity is achieved by reference to some of the cases annotated under the statute.

Lomando v. U.S., 667 F.3d 363 (3rd Cir. 2009) underscores the point even though the fault was claimed to be that of a physician who volunteered at the health center.  It was held that the United States was the liable party, not the physician, not the health center, and not the physician's employer which provided his livelihood.

About as plainly as it could be stated, Cuoco v. Moritsugu, 222 F.3d 99 (2nd Cir. 2000), on remand 2000 WL 1059713, held that 42 U.S.C. § 233(a)  protects Public Health Service employees from being subject to suit while acting as such by requiring that such lawsuits be brought under the FTCA against the United States. See also Rehoboth McKinley Christian Healthcare Services, Inc. v. United States, 853 F.Supp.2d 1107 (D. N.M. 2012) (Federally Supported Health Centers

4

Assistance Act protects deemed employees from personal liability while acting

within the scope of their employment by providing that the United States assumes

such liability pursuant to the FTCA).

That the Federal Defendants were never proper parties in this case, that this

Court has never had subject matter jurisdiction over them, is also a factor of the

application of the FTCA.

It's actually the FTCA which says that the only proper defendant is the

United States.  28 U.S.C. §§ 1346(b)(1) and 2679(b).   Service must be

accomplished upon the United States, as opposed to the Federal Defendants.  Fed.

R. Civ. Proc. 4.  The record in this case is clear that only the Federal Defendants

have been served.  FTCA suits only lie in the applicable Federal District Court.  28

U.S.C. § 1346(b) (exclusive jurisdiction).

B.

## LACKING SUBJECT MATTER JURISDICTION THE COURT MUST DISMISS THE CLAIMS AGAINST THE FEDERAL DEFENDANTS

"Whenever it appears, by suggestion of the parties or otherwise, that the

court lacks jurisdiction over the subject matter, the court shall dismiss the action."

O.C.G.A. § 9-11-12(h)(3).

C.

## ENTRY OF DEFAULT IS PRECLUDED BY DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

5

Never having been proper parties, subject to the jurisdiction of this Court, and dismissal as against them being required thereby, entry of judgment against the Federal Defendants by default is precluded as moot.[5]

Conclusion

In consideration of the foregoing it is respectfully contended that the Complaint of the Plaintiff as against Dr. Charisse A. Brandon; Dr. Ignatius N. Ohamadike, D.O.; Dr. Charles B. Tyler; and Albany Area Primary Health Care, Inc. must be dismissed for lack of subject matter jurisdiction.

G. F. PETERMAN, III
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA
ATTORNEY FOR THE MOVANTS

By:

Stewart R. Brown
Assistant United States Attorney
Georgia State Bar # 089650
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Ga. 31202-1702
Telephone: (478) 621-2690
Facsimile: (478) 621-2737
Email: Stewart.Brown@usdoj.gov

---

[5] The author hereof acknowledges that invocation of the protections of defendants named other than the United States is most often accompanied by substitution of the United States in their stead, followed by removal to federal district court. That course is not followed because the United States is not yet subject to suit, the ante litem notice requirements of 28 U.S.C. § 2672 not having been satisfied.

6

## Certificate of Service

The undersigned attorney for the movants in the above and foregoing

Motion to Dismiss hereby certifies that he makes due and legal service of the

Motion, Government Exhibit A thereto, and the Memorandum in Support upon the

other parties in the case by placing true and correct copies thereof in the United

States Mail with sufficient postage thereon properly addressed to their attorneys of

record, to wit:

    Laura M. Shamp, Esq
    Shamp, Speed, Jordan & Woodward
    1718 Peachtree Street, Suite 660
    Atlanta, GA 30309
    Attorney for Plaintiff

    Charles K. Wainwright, Esq.
    Watson Spence LLP
    320 Residence Ave.
    Albany, GA 31701
    Attorney for Other Defendants

    This 16th day of September, 2016.

                    Stewart R. Brown
                    Assistant United States Attorney

7



**U. S. Department of Justice**
*United States Attorney*
*Middle District of Georgia*

FILED
2016 SEP 22  PM 12: 59
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURT

| | |
|---|---|
| *Civil Division* | *Phone: 478-752-3511* |
| *Post Office Box 1702* | *Fax: 478-621-2737* |
| *Macon, Georgia 31202* | *Fax: 478-621-2710* |
| | *Direct Dial: 478-621-2690* |
| | *Email: Stewart.Brown@usdoj.gov* |

September 20, 2016

Hon. Evonne Mull, Clerk
State Court of Dougherty County
225 Pine Avenue
Albany, GA 31701

     Re:    Burnam v Phoebe Putney Memorial Hospital, et al
            State Court of Dougherty County, Georgia
            Civil Action File No.: 16SCV88

Dear Madam Clerk:

     I neglected to include a proposed order with my motion to dismiss the referenced matter;

being more attuned to practicing under the federal rules with electronic filing.   I correct that

oversight herewith.   By copy of this letter and the enclosure, service is being made upon the

attorneys for the other parties.

     Your cooperation and assistance is appreciated.

                      Sincerely,

                      Stewart R. Brown

Encl.:  Order
cc.:

        Laura M. Shamp, Esq
        Shamp, Speed, Jordan & Woodward
        1718 Peachtree Street, Suite 660
        Atlanta, GA 30309

# IN THE STATE COURT OF DOUGHERTY COUNTY, GEORGIA

CHANDRA BURNAM, individually     *
and on behalf of the Estate of     *
AUNDRENECIA BRYANT, Deceased,     *
    *
     Plaintiff,     *
    *
     vs.     *        Civil Action File No. 16 SCV88
    *
PHOEBE PUTNEY MEMORIAL     *
HOSPITAL, INC.; DR. IAN JAMES     *
MUNRO; PHOEBE PHYSICIAN     *
GROUP, INC.; DR. CHARISSE A.     *
BRANDON; DR. IGNATIUS N.     *
OHAMADIKE; DR. CHARLES B.     *
TYLER; and ALBANY AREA     *
PRIMARY HEALTH CARE, INC.     *
    *
     Defendant.     *

## DISMISSAL OF COMPLAINT AGAINST DR. CHARRISSE A. BRANDON, DR. IGNATIUS N. OHAMADIKE, DR. CHARLES B. TYLER, AND ALBANY AREA PRIMARY HEALTH CARE, INC.

Pending before the Court is the motion under O.C.G.A. § 9-11-12(b)(1) by

Defendants Dr. Charisse A. Brandon, Dr. Ignatius N. Ohamadike, Dr. Charles B.

Tyler, and Albany Area Primary Health Care, Inc. on the grounds that they were in

the circumstances alleged in the Plaintiff's Complaint deemed to be Public Health

Service employees against whom the exclusive remedy on the allegations of the

Plaintiff is suit in federal court against the United States under the Federal Tort

Claims Act. The motion and grounds thereof seem to the Court meritorious.

Therefore, it is,

**CONSIDERED, ORDERED, AND ADJUDGED** that the complaint of the

Plaintiff be, and it hereby is, dismissed as against Defendants Dr. Charisse A.

Brandon, Dr. Ignatius N. Ohamadike, Dr. Charles B. Tyler, and Albany Area

Primary Health Care, Inc.

**SO ORDERED** this _____ day of _____, 2016.

_____

Judge, State Court of Dougherty County
State of Georgia

Order Prepared and Submitted by:
Stewart R. Brown
Assistant United States Attorney
P. O. Box 1702
Macon, GA 31202-1702
Attorney for the Defendants Dismissed Herein

IN THE STATE COURT FOR DOUGHERTY COUNTY
STATE OF GEORGIA

2016 OCT -3  AM 9: 41

EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

CHANDRA BURNAM, individually and )
on behalf of the Estate of AUDRENECIA )
BRYANT, Deceased, )
          )
       Plaintiff, )
          )      Case #: 16-SCV-88
vs. )
          )
PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., )
IAN JAMES MUNRO, M.D.; PHOEBE PHYSICIAN )
GROUP, INC.; CHARISSE A. BRANDON, M.D.; )
IGNATIUS N. OHAMADIKE, DO; )
CHARLES B. TYLER, M.D.; and )
ALBANY AREA PRIMARY CARE, INC., )
          )
       Defendants. )

ORDER APPOINTING JUDGE

     The Honorable Victoria S. Darrisaw voluntarily recused herself for service in the above-styled

case.  Pursuant to Uniform State Court Rule 25.4, the above-styled case is hereby assigned to the

Honorable Kelly D. Turner, Senior State Court Judge for Lowndes County, for all further proceedings.

     The Clerk of Court is hereby ORDERED to furnish copies of this document to all parties or their

attorneys.

     SO ORDERED this _____ day of September, 2016.

                                       John Kent Edwards, Jr., Chief Judge
                                       State Court for Lowndes County
                                     District 3 Chair for Council of State Court Judges

SCANNED

CLERK'S CERTIFICATE

This is to certify that a stamped "Filed" copy of the foregoing Order has been mailed to all parties or their attorneys.

This 3rd day of ~~September~~ October, 2016.

_Susan P. Williams_

Dep. Clerk of Court
State Court for Dougherty County

FILED
2016 OCT -3 AM 10: 31
EVONNE S. HULL
DOUGHERTY COUNTY
CLERK OF COURTS



# John Kent Edwards, Jr.
## Judge of the State Court of Lowndes County
### LOWNDES COUNTY JUDICIAL COMPLEX

2016 OCT -3 AM 9: 41

EVONNE S. MULL
DAUGHERTY COUNTY
COURTS

327 NORTH ASHLEY STREET
P. O. BOX 1661
VALDOSTA, GA 31603-1661

TELEPHONE (229) 671-2600
FAX (229) 671-3441

September 26, 2016

Ms. Evonne S. Mull
Daugherty County Court Clerk
P.O. Box 1827
Albany, Georgia 31702-1827

Re:    Chandra Burnam, individually and on behalf of the Estate of Audrenecia Bryant, Deceased vs.
       Phoebe Putney Memorial Hospital, Inc., Ian James Munro, M.D., Phoebe Physician Group Inc.,
       Charisse A. Brandon, M.D., Ignatius N. Ohamadike, DO, Charles B. Tyler, M.D., and Albany Area
       Primary Care, Inc.
       State Court for Dougherty County
       Case #: 16-SCV-88

Dear Ms. Mull:

Enclosed please find an Order appointing the Hon. Kelly D. Turner, Senior Judge for the State Court of
Lowndes County, to hear the above-referenced matter. Judge Turner's mailing address is Post Office Box 1661,
Valdosta, Georgia 31603.

Please complete the Clerk's Certificate at the bottom of the Order and supply copies of this filed Order
to all attorneys and Judge Powell. Your attention to this matter is appreciated.

Sincerely,

John Kent Edwards, Jr., Chief Judge
State Court for Lowndes County
District 3 Chair of Council of State Court Judges

JKE:cgw

cc:    Hon. Kelly D. Turner

**Exhibit A to Notice of Removal/Notice to Substitute
Chandra Burnam, Inc. and for Estate v United States 142**



# EVONNE S. MULL
## CLERK OF SUPERIOR AND STATE COURTS
### DOUGHERTY COUNTY BOARD OF EQUALIZATION
P. O. BOX 1827
ALBANY, DOUGHERTY COUNTY, GEORGIA 31702-1827
(229) 431-2198
**Fax (229) 878-3155**

October 10, 2016

Judge Kelly Turner
P. O. Box 157
Valdosta, GA 31602

RE:  Case #16SCV88

Dear Judge Turner:

Enclosed is a copy of the above referenced case per your request.  If you need anything further on this case, please feel free to contact our office.

Sincerely,

Susan P. Williams
Deputy Clerk
Dougherty Co. Clerk's Office

**Williams, Susan**

| | |
|---|---|
| **From:** | Coulter, Sarah |
| **Sent:** | Monday, October 10, 2016 8:26 AM |
| **To:** | Williams, Susan |
| **Subject:** | 16-SCV-88 |

Susan,

This case was assigned to Judge Kelly Turner. She has requested a copy of the file to be sent to P.O. Box 157, Valdosta, Georgia 31602.

Will you let me know when it's been sent out so I can contact her and let her know to be on the look out?


Thank you ☺

Sarah Coulter
Law Clerk for Judge Victoria S. Darrisaw
Dougherty County State Court
P: (229) 431-2152
F: (229) 431-3282
E: scoulter@dougherty.ga.us

**Exhibit A to Notice of Removal/Notice to Substitute**
**Chandra Burnam, Inc. and for Estate v United States 144**

⚞ EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2016000088**
**JKE**
**OCT 18, 2016 05:45 PM**

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually and       :
on behalf of the Estate of, AUDRENECIA  :
BRYANT Deceased,                        :
                                        :
          Plaintiff,                    :
                                        :
v.                                      :
                                        :        CIVIL ACTION
                                        :        FILE NO.: 16 SCV 88
PHOEBE PUTNEY MEMORIAL                   :
HOSPITAL, INC.; IAN JAMES MUNRO,        :
M.D.; PHOEBE PHYSICIAN GROUP,           :        **JURY TRIAL DEMANDED**
INC.; CHARISSE A. BRANDON, M.D.;        :
IGNATIUS N. OHAMADIKE, DO;              :
CHARLES B. TYLER, M.D.; and             :
ALBANY AREA PRIMARY CARE, INC,          :
                                        :
          Defendants.                   :

*Evonne S. Mull, Clerk*
*Dougherty County, Georgia*

### JOINT STIPULATION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS

COMES NOW Defendants Dr. Brandon, Dr. Ohamadike, Dr. Tyler, and Albany Area

Primary Care, Inc. ("AAPHC") (collectively "these Defendants") and Plaintiff, and by and through

their attorneys of record, hereby agree and stipulate that Plaintiff shall have an extension of time

within which to file a response to these Defendants' motion to dismiss. Said extension shall expire

on October 25, 2016, and any response filed by Plaintiff on or before that date shall be considered

by these Defendants to be timely filed. This extension is due to the Government's representation

that it will seek substitution of the United States as party-defendant for these Defendants once it

obtains the statutory prerequisites for the same.

To the extent that an Order of this Court is necessary for such extension to be valid and

enforceable, the moving parties hereby request the Court to enter an Order carrying out the intent

of this Extension of Time and allow said Defendants additional time – that is, until October 25, 2016 – within which to file their response to these Defendants' motion to dismiss.

Respectfully submitted this _18_ day of October, 2016

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

STEWART R. BROWN
Georgia Bar No.: 089650

United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, GA 31202-1702

SHAMP SPEED JORDAN WOODWARD
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com
silk@ssjwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served and notified all parties listed below with a copy

of the above and foregoing through United States Mail with proper postage affixed thereto.

> Charles K. Wainwright
> Watson Spence, LLP
> 320 Residence Avenue
> Albany, Georgia 31701

This /8 day of October, 2016.

Laura Shamp, Georgia Bar No.:637560
Shamp, Speed, Jordan, Woodward, LLC
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
404-893-9400 Phone
404-260-4180 Fax

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2016000088**
**JKE**
OCT 25, 2016 04:48 PM

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

Evonne S. Mull
Evonne S. Mull, Clerk
Dougherty County, Georgia

| | |
|---|---|
| CHANDRA BURNAM, individually and | : |
| on behalf of the Estate of, AUDRENECIA | : |
| BRYANT Deceased, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PHOEBE PUTNEY MEMORIAL | : |
| HOSPITAL, INC.; IAN JAMES MUNRO, | : |
| M.D.; PHOEBE PHYSICIAN GROUP, | : |
| INC.; CHARISSE A. BRANDON, M.D.; | : |
| IGNATIUS N. OHAMADIKE, DO; | : |
| CHARLES B. TYLER, M.D.; and | : |
| ALBANY AREA PRIMARY CARE, INC, | : |
| | : |
| Defendants. | : |

CIVIL ACTION
FILE NO.: 16 SCV 88

**JURY TRIAL DEMANDED**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS DR. CHARISSE A. BRANDON, DR. IGNATIUS N. OHAMADIKE, DR. CHARLES B. TYLER, AND ALBANY AREA PRIMARY HEALTH CARE, INC.'S MOTION TO DISMISS AND PRECLUDE JUDGMENT BY DEFAULT

COMES NOW Plaintiff Chandra Burnam, individually and on behalf of the Estate of

Audrenecia Bryant, deceased, and hereby responds to and opposes Defendants Dr. Brandon, Dr.

Ohamadike, Dr. Tyler, and Albany Area Primary Care, Inc. ("AAPHC") (hereinafter collectively

"Moving Defendants") motion to dismiss and preclude judgment by default. Moving Defendants

have not met the statutory criteria to certify that they are covered by the Public Health Service

Act ("PHSA") or Federal Tort Claims Act ("FTCA"). Moreover, the proper procedure if such

certification is provided is to substitute the United States as the Defendant, and then remove the

matter, and not dismissal.

## STATEMENT OF FACTS

As to the Moving Defendants, Plaintiff alleges that on April 1, 2014, Audrenecia Bryant presented to Phoebe Putney Memorial Hospital with acute pancreatitis. Moving Defendants provided care to Ms. Bryant at Phoebe Putney Memorial Hospital, and, among other things, failed to appropriately treat Ms. Bryant's acute pancreatitis, and failed to follow her as a patient. Audrenecia Bryant died on the morning of April 2, 2014 at the age of 24.

Moving Defendants each were personally served with the Summons, Complaint, and the affidavit of plaintiff's expert, filed pursuant to O.C.G.A. § 9-11-9.1, between April 1 and April 11, 2016, and proof of service filed as to each of the Moving Defendants between April 7 and April 20, 2016. [See Exh. 1, attached hereto]. After a request from attorney Charles Wainwright, on behalf of the Moving Defendants, to extend the time for them to answer, Plaintiff filed a stipulation extending the time for Moving Defendants to answer through June 30, 2016. Moving Defendants did not answer by June 30, and on August 31, 2016 Plaintiff moved for entry of a default judgment.

No defensive pleading was filed by the moving Defendants until September 16, 2016, when, through the United States Attorney's Office, the moving Defendants moved to dismiss. Attached to the motion to dismiss was a Declaration of Meredith Torres, an attorney in the Office of General Counsel for the Department of Health and Human Services ("HHS"). In her declaration, Ms. Torres stated that Albany Area Primary Health Care, Inc. was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2013, and such coverage has continued since that time. [Declaration ¶ 5]. Ms. Torres further stated that "official agency records further indicate that Charisse A. Brandon, M.D., Ignatius N. Ohamadike, M.D., and Charles B. Tyler, M.D., were employees of Albany Area Primary Health Care, Inc., at all times

2

relevant to the complaint in this case." [Declaration ¶ 6]. Ms. Torres did not state or certify that these Doctors were acting within the scope of their employment with AAPHC at the time of the incident.

## ARGUMENT AND CITATION OF AUTHORITY

The Moving Defendants argue that they should be dismissed because this Court lacks subject-matter jurisdiction over them, but the Moving Defendants have failed to establish the lack of jurisdiction, which is their burden on this Motion. In order to establish exclusive federal jurisdiction, the Moving Defendants must establish two factual predicates: first, that the individual defendants have been deemed federal employees, and second, that the Attorney General has certified that the individual defendants were acting in the scope of their federal employment. See 42 U.S.C. § 233(c), (g)(1); 28 U.S.C. § 2679(d); Oviedo v. Hallbauer, 65 F.3d 419, 425 (5th Cir. 2011). Once these factual predicates have been established, the proper procedure is not to dismiss the individual defendants, but rather to substitute the United States for the individual defendants, and remove the matter to the appropriate federal district court. 42 U.S.C. § 233(c); 28 U.S.C. § 2679(d)(1)-(2).

**1. The Attorney General Has Not Certified That the Moving Defendants Were Acting Within the Scope of their Employment**

It is true that, if a commissioned officer or employee of the Public Health Service is sued for personal injury, or death, resulting from the performance of his or her medical or related functions *while acting within the scope of his or her employment*, the exclusive remedy is against the United States under the Federal Tort Claims Act. 28 U.S.C. § 1346(b); 28 U.S.C. § 2672.

Federal law is clear, however, that the employees must have been acting within the scope of their employment for the FTCA to apply. As set forth in the Public Health Service Act:

3

> Exclusiveness of remedy. The remedy against the United States provided by sections 1346(b) and 2672 of title 28 [28 USCS §§ 1346(b) and 2672] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service *while acting within the scope of his office or employment*, shall be exclusive of any other civil action or proceeding . . .

42 U.S.C. § 233(a) (emphasis added).

> This is further confirmed in the Federal Tort Claims Act:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title [28 USCS §§ 1346(b) and 2672] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment* is exclusive of any other civil action or proceeding for money damages . . .

28 U.S.C. § 2679(b)(1) (emphasis added).

The procedure to establish FTCA coverage is for the Attorney General to provide a certification "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1).

The Fifth Circuit has succinctly described the factual predicates for exclusive federal jurisidction as "1) the individual defendants must be deemed federal employees; and 2) the Attorney General must certify that the individual defendants were acting in the scope of their employment. See 42 U.S.C. §§ 233(c), (g)(1); 28 U.S.C. § 2679(d)." Oviedo v. Hallbauer, 655 F.3d 419, 425 (5th Cir. 2011). In Oviedo, the court further noted that a lack of certification by the Attorney General was "especially problematic where the individual defendants were not obvious federal employees, but only deemed employees by virtue of letter issued by a federal agency." Id. at 425 n.8.

Here, like in Oviedo, the Attorney General has provided no certification that the employees were acting within the scope of their employment at AAPHC in treating the decedent. While Ms.

4

Torres' declaration states that Defendant AAPHC is a covered entity, and these physicians were its employees, it is conspicuously silent as to whether their treatment of the decedent was within the scope of their employment, and no other record evidence supports such a proposition. Moreover, like the defendant in Oviedo, the Moving Defendants are not obvious federal employees, as they provided care to the decedent at Phoebe Putney Memorial Hospital, and not at a federally-supported community health center. Because no certification or evidence has been provided as to this factual predicate for FTCA coverage, this Court has not been divested of subject-matter jurisdiction over the Moving Defendants, and dismissal is not mandated or appropriate. Oviedo, 655 F.3d at 425.

## 2. The Proper Remedy If the Attorney General Does Provide an Appropriate Certification is Substitution and Removal, and Not Dismissal.

In the event that the Attorney General does certify that the Moving Defendants were acting within the scope of their employment at AAPHC in treating the decedent, the proper procedure is not dismissal, as the Moving Defendants have requested, but rather substitution of the United States for the Moving Defendants and removal.

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court ***shall be removed*** . . . to the district court of the United States . . .

42 U.S.C. § 233(c) (emphasis added).

Again, the Federal Tort Claims Act further supports this procedure, as it provides:

> **(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident** . . . ***the United States shall be substituted as the party defendant***.

> **(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced**

5

upon such claim in a State court ***shall be removed*** . . . to the district court of the United States . . .

28 U.S.C. § 2679(d)(1)-(2) (emphasis added).

Accordingly, the appropriate procedure in the event the Attorney General provides a sufficient certification that the Moving Defendants were acting within the scope of their employment at a deemed entity in providing treatment to Ms. Bryant, is to substitute the United States as party-defendant and for the Attorney General to then remove this action to the district court, not for this Court to dismiss these individual Defendants.

## CONCLUSION

Because the Attorney General has not certified that the Moving Defendants were acting within the scope of their employment at AAPHC in treating Ms. Bryant, it has not satisfied the statutory criteria set forth in the Public Health Service Act, or the FTCA, for exclusive federal jurisdiction. As such, dismissal of the Moving Defendants is not appropriate at this time. Nevertheless, in the event such a certification is provided, substitution of the United States as party-defendant and removal to district court—not dismissal—is the appropriate procedure. Accordingly, the Moving Defendants' motion to dismiss should be denied.

Respectfully submitted this ___ day of October, 2016

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

6

SHAMP SPEED JORDAN WOODWARD
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com
silk@ssjwlaw.com

7

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the within and

foregoing upon all counsel of record by depositing same into the United States Mail in an envelope

with adequate postage affixed thereon and addressed as follows:

Charles K. Wainwright
Watson Spence, LLP
320 Residence Avenue
Albany, Georgia 31701

Stewart Brown
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, GA 31202-1702

This ___25___ day of October, 2016.

LAURA M. SHAMP
Georgia Bar No.: 637560
JENNIFER AUER JORDAN
Georgia Bar No.: 027857
JOSHUA F. SILK
Georgia Bar No.: 903916

SHAMP SPEED JORDAN WOODWARD
1718 Peachtree Street, Suite 660
Atlanta, Georgia 30309
(404) 893-9400 (telephone)
(404) 260-4180 (facsimile)
shamp@ssjwlaw.com
jordan@ssjwlaw.com
silk@ssjwlaw.com

8

## AFFIDAVIT OF SERVICE

State of Georgia                                County of Dougherty                                State Court

Case Number: 16SCV88

Plaintiff:
Chandra Burnam
vs.
Defendant:
Phoebe Putney Memorial Hospital, Inc., et al

For: Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 8th day of April, 2016 at 2:33 pm to be served on Charisse A. Brandon MD, 11158 Dallas Place, Loma Linda, GA 92354. I, _Scott_ _Moore_, being duly sworn, depose and say that on the _8TH_ day of _April_, 20 _16_ at _6_ : _45_ p.m., executed service by delivering a true copy of the Summons and Complaint and Expert Affidavit in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

_____

Age____ SEX M F Race_____ Height_____ Weight_____ Hair _____ Glasses Y N

COMMENTS: _____
_____
_____
_____



## AFFIDAVIT OF SERVICE For 16SCV88

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _____ day of _____ _____ by the affiant who is personally known to me.

~~SEE ATTACHED JURAT~~
NOTARY PUBLIC

_4/14/16_

PROCESS SERVER # _1535_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: 2016001390
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox (V7.1b)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of RIVERSIDE

Subscribed and sworn to (or affirmed) before me on this 14TH day of APRIL, 2016, by SCOTT MORE, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

CHRISTINE MARIE RAMIREZ
Commission # 2070848
Notary Public - California
Riverside County
My Comm. Expires Jun 7, 2018

(Seal)                    Signature _Christine M Ramirez_

## AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Dougherty**          **State Court**

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Charles B. Tyler, 121 Fowler Drive, Leesburg, GA 31763.**

I, Gerald Daniel, being duly sworn, depose and say that on the **11th day of April, 2016 at 8:50 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Charles B. Tyler** at the address of: **121 Fowler Drive, Leesburg, GA 31763.**

**Additional Information pertaining to this Service:**
4/11/2016  8:50 am  Served on Charles B. Tyler at 121 Fowler Drive, Leesburg, GA 31763. Mr. Tyler is a white male/~62yrs/~6'2'/~224 lbs/brown hair/ glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 11th day
of April, 2016 by the affiant who is personally known
to me.

**NOTARY PUBLIC**    My Commission Expires
                     JANUARY 21, 2017

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001265
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

## AFFIDAVIT OF SERVICE

**State of Georgia**                **County of Dougherty**                **State Court**

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Ignatius Ohamadike MD, 331 Martindale Drive, Albany, GA 31721.**

I, Gerald Daniel, being duly sworn, depose and say that on the **4th day of April, 2016** at **11:42 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Ignatius Ohamadike MD** at the address of: **331 Martindale Drive, Albany, GA 31721.**

**Additional Information pertaining to this Service:**
4/4/2016 11:42 am Mr. Ohamedike MD is a black male/~55 yrs/~'5'7'/~174 lbs/black hair/glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day
of April, 2016 by the affiant who is personally known
to me.

NOTARY PUBLIC

Expiration: 7-31-2018

**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001264
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Dougherty**                    State Court

Case Number: 16SCV88

Plaintiff:
**Chandra Burnam**

vs.

Defendant:
**Phoebe Putney Memorial Hospital, Inc., et al**

For:
Laura Shamp, Esq.

Received by Ancillary Legal Corporation on the 30th day of March, 2016 at 12:18 pm to be served on **Albany Area Primary Care, Inc., 204 N. Westover Road, Albany, GA 31707.**

I, Gerald Daniel, being duly sworn, depose and say that on the **1st day of April, 2016 at 2:35 pm, I:**

served Albany Area Primary Care, Inc. by delivering a true copy of the **Summons and Complaint and Expert Affidavit** to: **Joycelyn W. Yates as Chief Quality Officer, and Authorized Agent for Albany Area Primary Care, Inc.,** at the address of: **204 N. Westover Road, Albany, GA 31707,** .

**Additional Information pertaining to this Service:**
4/1/2016  2:35 pm  Served on Joycelyn W. Yates, as Chief Quality Officer for Albany Area Primary Care, Inc. at 204 N. Westover Road, Albany, GA 31707. black female/~38yrs/~5'8'/~175 lbs/black hair/ no  glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and I have been appointed by this Court to serve process.

Subscribed and Sworn to before me on the 7th day
of April, 2016 by the affiant who is personally known
to me.

_Lynda M. Ha_
NOTARY PUBLIC

Expiration  7-31-2018

_Gerald Daniel_
**Gerald Daniel**
Process Server

**Ancillary Legal Corporation**
**74 Goldrush Circle Ne**
**Atlanta, GA 30328**
**(404) 459-8006**

Our Job Serial Number: ANC-2016001266
Ref: Burnam

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1b

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CHANDRA BURNAM, individually      :
And on the behalf of the Estate of    :
AUNDRENECIA BRYANT, Deceased.   :
     :
    **Plaintiff,**             :     **Civil Action Number:**
     :     **16-SCV-88**
**v.**                      :
     :
PHOEBE PUTNEY MEMORIAL    :
HOSPITAL, INC.; DR. IAN JAMES   :
MUNRO; PHOEBE PHYSICIAN     :
GROUP, INC.; DR. IGNATIUS N.    :
OHAMADIKE; DR. CHARLES B     :
TYLER; and ALBANY AREA       :
PRIMARY HEALTH CARE, INC.,    :
     :
     :
    **Defendants.**          :

*[FILED stamp: 2016 OCT 31 PM 2:39 — EVONNE S. MULL, DOUGHERTY COUNTY, CLERK OF COURTS]*

---

## NOTICE OF HEARING ON MOTION TO DISMISS AND ALSO TO PRECLUDE JUDGMENT BY DEFAULT BY DR. CHARISSE A. BRANDON, DR. IGNATIUS N. OHAMADIKE, DR. CHARLES B. TYLER, AND ALBANY AREA PRIMARY HEALTH CARE, INC.

PLEASE TAKE NOTICE that a HEARING ON NOTICE TO DISMISS AND ALSO TO

PRECLUDE JUDGMENT BY DEFAULT BY DR. CHARISSE A. BRANDON, DR.

IGNATIUS N. OHAMADIKE, DR. CHARLES B. TYLER, AND ALBANY AREA PRIMARY

HEALTH CARE, INC. in the above styled case has been **SCHEDULED** for **Tuesday,**

**November 29, 2016 at 2:00 p.m.** in Courtroom 300, Albany-Dougherty Judicial Building, 225

Pine Avenue, Albany, Georgia.

       **All parties must attend in person or through Video Conferencing.** Parties that

reside outside of the Dougherty County area may attend through the online video conferencing

system, Telejustice.  If a party is interested in electing this option, please contact the Video

1

Technology Coordinator, Kevin O'Lear, to install the requisite software and set up an online account by either calling his office (229-878-3174) or sending him an email (kolear@dougherty.ga.us). **If a party elects to use this option the Court insists that arrangements be made ten days before the hearing.**

This 31st day of October, 2016.


*Rhonda Moree*
Rhonda Moree
Civil Case Coordinator,
Dougherty County State Court


Cc:    Laura M. Shamp, Esq.
       Shamp Speed Jordan Woodward
       1718 Peachtree Street, NW, Suite 660
       Atlanta, Georgia  30309

       Charles K. Wainwright, II, Esq.
       Watson Spence, LLP
       Post office Box 2008
       Albany, Georgia  31702-2008

       Stewart R. Brown, Esq.
       United States Attorney's Office
       Middle District of Georgia
       Post Office Box 1702
       Macon, Georgia  31202-1702